UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BRANDON NATHANIEL, HASSAN SHEFTALL, JASON
ZARZUELA, ALBERT HAYES, CHEREAN HAYNES,
ANTHONY BRIGMAN and MOSES GREEN,

                    Plaintiffs,

      vs.

CITY OF NEW YORK, POLICE OFFICER JOHN DOE #1
Individually, POLICE OFFICER JOHN DOE #2 Individually,
POLICE OFFICER JOHN DOE #3 Individually, POLICE
OFFICER JOHN DOE #4 Individually, POLICE OFFICER
JOHN DOE #5 Individually, POLICE OFFICER JOHN DOE #6
Individually, POLICE OFFICER JOHN DOE #7 Individually,
POLICE OFFICER JOHN DOE #8 Individually, POLICE
OFFICER JOHN DOE #9 Individually, POLICE OFFICER
JOHN DOE #10, POLICE OFFICER JOHN DOE #11
Individually, POLICE OFFICER JOHN DOE #12 Individually,
POLICE OFFICER JOHN DOE #13 Individually, POLICE
OFFICER JOHN DOE #14 Individually, POLICE OFFICER
JOHN DOE #15 Individually, POLICE OFFICER JOHN DOE
#16 Individually, POLICE OFFICER JOHN DOE #17
Individually, POLICE OFFICER WILLIAMS Individually,
POLICE OFFICER BROWN Individually and other currently
unidentified Police Officers believed to be assigned to 79th
Precinct, 81st Precinct or 90th Precincts,

                    Defendants.

-----------------------------------------------------------------------X

Index No.:

**COMPLAINT**

**Plaintiffs demand Trial by Jury**

CV 14    3471

COGAN, J.
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 03 2014 ★
BROOKLYN OFFICE

      Plaintiffs complaining of the Defendants by their attorneys, Tumelty & Spier, LLP, hereby

allege, upon information and belief, as follows:

## PREAMBLE

1.   This is an action to redress the deprivation by the Defendants of the rights secured to the Plaintiffs by the Constitution and Laws of the United States and the State of New York.

2.   Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3), and 1367(a) of Title 28, United States Code and pursuant to Sections 1983 and 1988 of Title 42, United States Code.

3.   Venue is placed in the Eastern District of New York because it is the District where the Plaintiffs reside and where the claimed acts and omissions occurred.

4.   A valid Notice of Claim for Plaintiffs regarding each of the claims herein were filed with the City of New York on or about June 21, 2013, June 24, 2013, September 16, 2013, September 17, 2013, November 6, 2013, November 19, 2013 (two separate incidents), and January 17, 2014, respectively, within ninety (90) days of the accrual of the eighteen (18) claims delineated below.

5.   The Plaintiffs appeared and were questioned by representatives of the Defendant City of New York at Hearings pursuant to General Municipal Law section 50-H were held on October 3, 2013, August 22, 2013, November 19, 2013, November 22, 2013, January 10, 2014, February 10, 2014, April 1, 2014 and April 2, 2014 respectively.

## THE PARTIES

6.   Plaintiff Brandon NATHANIEL (hereinafter "NATHANIEL") was and still is an adult resident of Kings County, City and State of New York.

7.   Plaintiff HASSAN SHEFTALL (hereinafter "SHEFTALL") was and still is an adult resident of Kings County, City and State of New York.

8.   Plaintiff JASON ZARZUELA (hereinafter "ZARZUELA") was and still is an adult resident of Kings County, City and State of New York.,

9. Plaintiff ALBERT HAYES (hereinafter "HAYES") was and still is an adult resident of Kings County, City and State of New York.

10. Plaintiff CHEREAN HAYNES (hereinafter "HAYNES") was and still is an adult resident of Kings County, City and State of New York.

11. Plaintiff ANTHONY BRIGMAN (hereinafter "BRIGMAN") was and still is an adult resident of Kings County, City and State of New York.

12. Plaintiff MOSES GREEN (hereinafter "GREEN") was and still is an adult resident of Kings County, City and State of New York.

13. The Defendant CITY OF NEW YORK is a municipal corporation formed and existing pursuant to the laws of the State of New York.

14. The Defendant CITY OF NEW YORK is responsible for the hiring, training, staffing, and supervision of the New York City Police Department.

15. The Defendant POLICE OFFICER JOHN DOE #1, a police officer employed by the New York Police Department, whose name is currently unknown, using Shield #16879 (hereafter "P.O. JOHN DOE #1") is an adult resident of the State of New York.

16. That P.O. JOHN DOE #1, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 90th Police Precinct at all times herein mentioned.

17. At all relevant times P.O. JOHN DOE #1 was employed as a New York City Police Officer and was employed by the City of New York.

18. At all relevant times P.O. JOHN DOE #1 was assigned to an unmarked patrol car within the confines of the 90th Police precinct.

19. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #1 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

20. Defendant P.O. JOHN DOE #1 is sued only in his individual capacity.

21. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #1 was acting under color of law, to wit: The laws of the State of New York and City of New York.

22. The Defendant POLICE OFFICER JOHN DOE #2, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #2") is an adult resident of the State of New York.

23. That P.O. JOHN DOE #2, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 90th Police Precinct at all times herein mentioned.

24. At all relevant times P.O. JOHN DOE #2 was employed as a New York City Police Officer and was employed by the City of New York.

25. At all relevant times P.O. JOHN DOE #2 was working as a partner to P.O. John Doe #1 at all times herein.

26. At all relevant times P.O. JOHN DOE #2 was assigned to an unmarked patrol car within the confines of the 90th Police precinct.

27. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #2 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

28. Defendant P.O. JOHN DOE #2 is sued only in his individual capacity.

29. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #2 was acting under color of law, to wit: The laws of the State of New York and City of New York.

30. The Defendant POLICE OFFICER JOHN DOE #3, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #3") is an adult resident of the State of New York.

31. That P.O. JOHN DOE #3, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 90th Police Precinct at all times herein mentioned.

32. At all relevant times P.O. JOHN DOE #3 was employed as a New York City Police Officer and was employed by the City of New York.

33. At all relevant times P.O. JOHN DOE #3 was working as a partner to P.O. John Doe #1 at all times herein.

34. At all relevant times P.O. JOHN DOE #3 was assigned to an unmarked patrol car within the confines of the 90th Police precinct.

35. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #3 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

36. Defendant P.O. JOHN DOE #3 is sued only in his individual capacity.

37. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #3 was acting under color of law, to wit: The laws of the State of New York and City of New York.

38. The Defendant POLICE OFFICER JOHN DOE #4, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #4") is an adult resident of the State of New York.

39. That P.O. JOHN DOE #4, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

40. At all relevant times P.O. JOHN DOE #4 was employed as a New York City Police Officer and was employed by the City of New York.

41. At all relevant times P.O. JOHN DOE #4 was assigned to an unmarked patrol car within the confines of the 79th Police precinct.

42. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #4 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

43. Defendant P.O. JOHN DOE #4 is sued only in his individual capacity.

44. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #4 was acting under color of law, to wit: The laws of the State of New York and City of New York.

45. The Defendant POLICE OFFICER JOHN DOE #5, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #5") is an adult resident of the State of New York.

46. That P.O. JOHN DOE #5, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 90th Police Precinct at all times herein mentioned.

47. At all relevant times P.O. JOHN DOE #5 was employed as a New York City Police Officer and was employed by the City of New York.

48. At all relevant times P.O. JOHN DOE #5 was working as a partner to P.O. John Doe #4 at all times herein.

49. At all relevant times P.O. JOHN DOE #5 was assigned to an unmarked patrol car within the confines of the 90th Police precinct.

50. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #5 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

51. Defendant P.O. JOHN DOE #5 is sued only in his individual capacity.

52. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #5 was acting under color of law, to wit: The laws of the State of New York and City of New York.

53. The Defendant POLICE OFFICER JOHN DOE #6, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #6") is an adult resident of the State of New York.

54. That P.O. JOHN DOE #6, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 90th Police Precinct at all times herein mentioned.

55. At all relevant times P.O. JOHN DOE #6 was employed as a New York City Police Officer and was employed by the City of New York.

56. At all relevant times P.O. JOHN DOE #6 was working as a partner to P.O. John Doe #4 at all times herein.

57. At all relevant times P.O. JOHN DOE #6 was assigned to an unmarked patrol car within the confines of the 90th Police precinct.

58. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #6 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

59. Defendant P.O. JOHN DOE #6 is sued only in his individual capacity.

60. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #6 was acting under color of law, to wit: The laws of the State of New York and City of New York.

61. The Defendant POLICE OFFICER JOHN DOE #7, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #7") is an adult resident of the State of New York.

62. That P.O. JOHN DOE #7, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

63. At all relevant times P.O. JOHN DOE #7 was employed as a New York City Police Officer and was employed by the City of New York.

64. At all relevant times P.O. JOHN DOE #7 was assigned to an unmarked patrol car, namely black Chevrolet Impala bearing New York License Plate EAW3410, within the confines of the 79th Police precinct.

65. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #7 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

66. Defendant P.O. JOHN DOE #7 is sued only in his individual capacity.

67. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #7 was acting under color of law, to wit: The laws of the State of New York and City of New York.

68. The Defendant POLICE OFFICER JOHN DOE #8, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #8") is an adult resident of the State of New York.

69. That P.O. JOHN DOE #8, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

70. At all relevant times P.O. JOHN DOE #8 was employed as a New York City Police Officer and was employed by the City of New York.

71. At all relevant times P.O. JOHN DOE #8 was working as a partner to P.O. John Doe #7 at all times herein.

72. At all relevant times P.O. JOHN DOE #8 was assigned to an unmarked patrol car, namely black Chevrolet Impala bearing New York License Plate EAW3410, within the confines of the 79th Police precinct.

73. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #8 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

74. Defendant P.O. JOHN DOE #8 is sued only in his individual capacity.

75. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #8 was acting under color of law, to wit: The laws of the State of New York and City of New York.

76. The Defendant POLICE OFFICER JOHN DOE #9, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #9") is an adult resident of the State of New York.

77. That P.O. JOHN DOE #9, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

78. At all relevant times P.O. JOHN DOE #9 was employed as a New York City Police Officer and was employed by the City of New York.

79. At all relevant times P.O. JOHN DOE #9 was assigned to an unmarked patrol car, namely a black Chevrolet Impala bearing New York License Plate CSC2523, within the confines of the 79th Police precinct.

80. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #9 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

81. Defendant P.O. JOHN DOE #9 is sued only in his individual capacity.

82. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #9 was acting under color of law, to wit:  The laws of the State of New York and City of New York.

83. The Defendant POLICE OFFICER JOHN DOE #10, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #10") is an adult resident of the State of New York.

84. That P.O. JOHN DOE #10, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

85. At all relevant times P.O. JOHN DOE #10 was employed as a New York City Police Officer and was employed by the City of New York.

86. At all relevant times P.O. JOHN DOE #10 was working as a partner to P.O. John Doe #9 at all times herein.

87. At all relevant times P.O. JOHN DOE #10 was assigned to an unmarked patrol car, namely a black Chevrolet Impala bearing New York License Plate CSC2523, within the confines of the 79th Police precinct.

88. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #10 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

89. Defendant P.O. JOHN DOE #10 is sued only in his individual capacity.

90. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #10 was acting under color of law, to wit: The laws of the State of New York and City of New York.

91. The Defendant POLICE OFFICER JOHN DOE #11, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #10") is an adult resident of the State of New York.

92. That P.O. JOHN DOE #11, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

93. At all relevant times P.O. JOHN DOE #11 was employed as a New York City Police Officer and was employed by the City of New York.

94. At all relevant times P.O. JOHN DOE #11 was working as a partner to P.O. John Doe #9 at all times herein.

95. At all relevant times P.O. JOHN DOE #11 was assigned to an unmarked patrol car, namely a black Chevrolet Impala bearing New York License Plate CSC2523, within the confines of the 79th Police precinct.

96. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #11 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

97. Defendant P.O. JOHN DOE #11 is sued only in his individual capacity.

98. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #11 was acting under color of law, to wit: The laws of the State of New York and City of New York.

99. The Defendant POLICE OFFICER JOHN DOE #12, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #12") is an adult resident of the State of New York.

100. That P.O. JOHN DOE #12, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

101. At all relevant times P.O. JOHN DOE #12 was employed as a New York City Police Officer and was employed by the City of New York.

102. At all relevant times P.O. JOHN DOE #12 was assigned to an unmarked patrol car, namely a black Crown Victoria bearing New York License Plate CXK9585, within the confines of the 79th Police precinct.

103. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #12 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

104. Defendant P.O. JOHN DOE #12 is sued only in his individual capacity.

105. At all times hereinafter mentioned, Defendant P.O. JOHN DOE #12 was acting under color of law, to wit: The laws of the State of New York and City of New York.

106. The Defendant POLICE OFFICER JOHN DOE #13, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #13") is an adult resident of the State of New York.

107. That P.O. JOHN DOE #13, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

108. At all relevant times P.O. JOHN DOE #13 was employed as a New York City Police Officer and was employed by the City of New York.

109. At all relevant times P.O. JOHN DOE #13 was working as a partner to P.O. John Doe #12 at all times herein.

110. At all relevant times P.O. JOHN DOE #13 was assigned to an unmarked patrol car, namely a black Crown Victoria bearing New York License Plate CXK9585, within the confines of the 79th Police precinct.

111.    At all times hereinafter mentioned, Defendant P.O. JOHN DOE #13 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

112.    Defendant P.O. JOHN DOE #13 is sued only in his individual capacity.

113.    At all times hereinafter mentioned, Defendant P.O. JOHN DOE #13 was acting under color of law, to wit:  The laws of the State of New York and City of New York.

114.    The Defendant POLICE OFFICER JOHN DOE #14, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #14") is an adult resident of the State of New York.

115.    That P.O. JOHN DOE #14, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

116.    At all relevant times P.O. JOHN DOE #14 was employed as a New York City Police Officer and was employed by the City of New York.

117.    At all relevant times P.O. JOHN DOE #14 was working as a partner to P.O. John Doe #12 at all times herein.

118.    At all relevant times P.O. JOHN DOE #14 was assigned to an unmarked patrol car, namely a black Crown Victoria bearing New York License Plate CXK9585, within the confines of the 79th Police precinct.

119.    At all times hereinafter mentioned, Defendant P.O. JOHN DOE #14 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

120.    Defendant P.O. JOHN DOE #14 is sued only in his individual capacity.

121.    At all times hereinafter mentioned, Defendant P.O. JOHN DOE #14 was acting under color of law, to wit:  The laws of the State of New York and City of New York.

122.   The Defendant POLICE OFFICER JOHN DOE #15, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #15") is an adult resident of the State of New York.

123.   That P.O. JOHN DOE #15, a fictitious name for a person currently unidentified by name, except for P.O. JOHN DOE #15 wearing a white uniform shirt, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

124.   At all relevant times P.O. JOHN DOE #15 was employed as a New York City Police Officer and was employed by the City of New York.

125.   At all relevant times P.O. JOHN DOE #15 was assigned to an unmarked patrol car, namely black Ford Escape, within the confines of the 79th Police precinct.

126.   At all times hereinafter mentioned, Defendant P.O. JOHN DOE #15 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

127.   Defendant P.O. JOHN DOE #15 is sued only in his individual capacity.

128.   At all times hereinafter mentioned, Defendant P.O. JOHN DOE #15 was acting under color of law, to wit:  The laws of the State of New York and City of New York.

129.   The Defendant POLICE OFFICER JOHN DOE #16, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #16") is an adult resident of the State of New York.

130.   That P.O. JOHN DOE #16, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

131.   At all relevant times P.O. JOHN DOE #16 was employed as a New York City Police Officer and was employed by the City of New York.

132.   At all relevant times P.O. JOHN DOE #16 was working as a partner to P.O. John Doe #15 at all times herein.

133.   At all relevant times P.O. JOHN DOE #16 was assigned to an unmarked patrol car, namely black Ford Escape, within the confines of the 79th Police precinct.

134.   At all times hereinafter mentioned, Defendant P.O. JOHN DOE #16 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

135.   Defendant P.O. JOHN DOE #16 is sued only in his individual capacity.

136.   At all times hereinafter mentioned, Defendant P.O. JOHN DOE #16 was acting under color of law, to wit: The laws of the State of New York and City of New York.

137.   The Defendant POLICE OFFICER JOHN DOE #17, a police officer employed by the New York Police Department, whose name is currently unknown (hereafter "P.O. JOHN DOE #16") is an adult resident of the State of New York.

138.   That P.O. JOHN DOE #17, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the 79th Police Precinct at all times herein mentioned.

139.   At all relevant times P.O. JOHN DOE #17 was employed as a New York City Police Officer and was employed by the City of New York.

140.   At all relevant times P.O. JOHN DOE #17 was working as a partner to P.O. John Doe #15 at all times herein.

141.   At all relevant times P.O. JOHN DOE #17 was assigned to an unmarked patrol car, namely black Ford Escape, within the confines of the 79th Police precinct.

142.   At all times hereinafter mentioned, Defendant P.O. JOHN DOE #17 was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

143.   Defendant P.O. JOHN DOE #17 is sued only in his individual capacity.

144.   At all times hereinafter mentioned, Defendant P.O. JOHN DOE #17 was acting under color of law, to wit: The laws of the State of New York and City of New York.

145.    The Defendant POLICE OFFICER WILLIAMS, a police officer employed by the New York Police Department, whose first name is currently unknown (hereafter "P.O. WILLIAMS") is an adult resident of the State of New York.

146.    That P.O. WILLIAMS, upon information and belief, was assigned to the 81st Police Precinct at all times herein mentioned.

147.    At all relevant times P.O. WILLIAMS was employed as a New York City Police Officer and was employed by the City of New York.

148.    At all times hereinafter mentioned, Defendant P.O. WILLIAMS was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

149.    Defendant P.O. WILLIAMS is sued only in his individual capacity.

150.    At all times hereinafter mentioned, Defendant P.O. WILLIAMS was acting under color of law, to wit:  The laws of the State of New York and City of New York.

151.    The Defendant POLICE OFFICER BROWN, a police officer employed by the New York Police Department, whose first name is currently unknown (hereafter "P.O. BROWN") is an adult resident of the State of New York.

152.    That P.O. BROWN, upon information and belief, was assigned to the 81st Police Precinct at all times herein mentioned.

153.    At all relevant times P.O. BROWN was employed as a New York City Police Officer and was employed by the City of New York.

154.    At all times hereinafter mentioned, Defendant P.O. BROWN was acting within the scope of his employment and in the furtherance of his duties with the City of New York.

155.    Defendant P.O. BROWN is sued only in his individual capacity.

156.    At all times hereinafter mentioned, Defendant P.O. BROWN was acting under color of law, to wit:  The laws of the State of New York and City of New York.

157.   That upon information and belief, either P.O. WILLIAMS or P.O. BROWN bore Shield #18160.

158.   At all times mentioned in this Complaint, the individual Defendants acted jointly and in concert with one another.  Each Defendant had the duty and the opportunity to protect the Plaintiffs from the unlawful actions of the other Defendants, namely the unlawful arrest, assault, battery, excessive force, abuse of process, and violation of civil rights, but each Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiffs' injuries.

### AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF BRANDON NATHANIEL, HASSAN SHEFTALL AND JASON ZARZUELA (MARCH 22, 2013) (TPO #1).

159.   On March 22, 2013, at approximately 10:00 PM, Plaintiffs Nathaniel, Sheftall and Zarzuela were traveling together in a vehicle driven by Zarzuela in the vicinity of Harrison Avenue and Heyward Street in Brooklyn, New York.

160.   At that date, time, and location Plaintiffs were not engaged in any unlawful or criminal acts.

161.   That P.O. JOHN DOE #1, P.O. JOHN DOE #2 and POLICE OFFICER JOHN DOE #3 (hereafter collectively referred to as "P.O JOHN DOE #1 AND HIS PARTNERS") were not in uniform uniform and driving in an unmarked patrol car.

162.   That P.O JOHN DOE #1 AND HIS PARTNERS were not responding to any dispatched call at the time that they began following Plaintiffs Nathaniel, Sheftall and Zarzuela's vehicle.

163.   That P.O JOHN DOE #1 AND HIS PARTNERS flashed the signal to stop Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA'S vehicle in which they were traveling.

164.    That P.O JOHN DOE #1 AND HIS PARTNERS stopped their patrol car and approached Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA and asked Plaintiffs to produce their identification.

165.    Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA complied with the police officers' demands and produced their identification.

166.    That after production of the Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA identification, P.O JOHN DOE #1 AND HIS PARTNERS ordered Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA to step out of their vehicle.

167.    That after Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA stepped out of their vehicle, P.O JOHN DOE #1 AND HIS PARTNERS patted Plaintiffs down as they were forced against Plaintiffs' vehicle.

168.    That after Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA were forcibly patted down, Plaintiffs' vehicle was searched, including the glove compartment and the trunk, by P.O JOHN DOE #1 AND HIS PARTNERS.

169.    That after Plaintiffs' vehicle was searched, P.O JOHN DOE #1 AND HIS PARTNERS left without providing any explanations why Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA and their vehicle were stopped and searched.

170.    That the above actions by Defendants P.O JOHN DOE #1 AND HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA pursuant to the Fourth and Fourteenth Amendment to the United States Constitution.  As such, Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA seek relief pursuant to USC 42 § 1983.

171.    That due to the above, Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA sustained damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS FOR VIOLATION OF STATE CONSTITUTIONAL RIGHTS ON BEHALF OF BRANDON NATHANIEL, HASSAN SHEFTALL AND JASON ZARZUELA (MARCH 22, 2013) (TPO #1).

172.   Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA repeat and reiterate the preceding paragraphs as if fully set forth.

173.   That the acts of the Defendants P.O JOHN DOE #1 AND HIS PARTNERS violated the rights granted to the Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA seek relief pursuant to *Brown v. State*, 89 NY2d 172 (1996).

174.   That due to the above acts of the Defendants P.O JOHN DOE #1 AND HIS PARTNERS, Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA sustained damages.

## AS AND FOR A THIRD CAUSE OF ACTION FOR UNLAWFUL SEIZURE AND FALSE IMPRISONMENT ON BEHALF OF BRANDON NATHANIEL, HASSAN SHEFTALL AND JASON ZARZUELA (MARCH 22, 2013) (TPO #1).

175.   On March 22, 2013 at approximately 10:00 PM, in the vicinity of Harrison Avenue and Heyward Street in Brooklyn, New York, Defendants P.O JOHN DOE #1 AND HIS PARTNERS arrested, detained and seized Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA.

176.   Defendants P.O JOHN DOE #1 AND HIS PARTNERS intended to detain, and seize Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA.

177.   At the time of the detention and seizure of the Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA on March 22, 2013 there was no warrant of arrest outstanding for Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA.

178.   The arrest, detention and seizure of Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA by Defendants P.O JOHN DOE #1 AND HIS PARTNERS were unlawful.

179.   There was no probable cause or legal justification to detain, or seize Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA.

180.   There was no legal justification or excuse for the detention and seizure of Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA.

181.   Each Defendant P.O JOHN DOE #1 AND HIS PARTNERS knew that there was no probable cause or legal basis to seize or detain Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA.

182.   Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA were aware and conscious of their seizure, confinement and detention.

183.   Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA did not consent to their detention or seizure of their persons by Defendants P.O JOHN DOE #1 AND HIS PARTNERS.

184.   Defendants P.O JOHN DOE #1 AND HIS PARTNERS committed the above acts under color of state law.

185.   As the result of the foregoing, Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA feared for their personal safety, were deprived of their liberty, subjected to scorn, ridicule, embarrassment, and sustained other consequential damages.

186.   Due to the above, Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA have sustained damages.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR ASSAULT ON BEHALF OF BRANDON NATHANIEL, HASSAN SHEFTALL AND JASON ZARZUELA (MARCH 22, 2013) (TPO #1).

187.   Plaintiffs repeat the preceding paragraphs as if fully set forth.

188.    That during the seizure and detention of Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA, the officers caused Plaintiffs to reasonably fear that the Defendants P.O JOHN DOE #1 AND HIS PARTNERS were about to cause a harmful and offensive bodily contact with the persons of the Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA.

189.    That the Defendants P.O JOHN DOE #1 AND HIS PARTNERS intentionally acted to place Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA in fear of their harmful and offensive conduct.

190.    That the Defendants did grab Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA and forcibly searched Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA and did cause physical contacts with Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA'S persons.

191.    That the acts of the Defendants P.O JOHN DOE #1 AND HIS PARTNERS were not justified.

192.    That due to the above acts of the Defendants P.O JOHN DOE #1 AND HIS PARTNERS, Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA sustained damages.

193.    Due to the above, Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA have sustained damages.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR BATTERY ON BEHALF OF BRANDON NATHANIEL, HASSAN SHEFTALL AND JASON ZARZUELA (MARCH 22, 2013) (TPO #1).

194.    Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA repeat the preceding paragraphs as if fully set forth.

195.    That during the arrest of Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA, Defendants P.O JOHN DOE #1 AND HIS PARTNERS did use a harmful and offensive bodily contact with the persons of the Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA.

196.    That Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA were forcibly patted down, including the genital areas, during the arrest by Defendants P.O JOHN DOE #1 AND HIS PARTNERS.

197.    That the Defendants P.O JOHN DOE #1 AND HIS PARTNERS acted intentionally in causing the harmful and offensive physical contact with Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA.

198.    That Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA did not consent to the offensive and harmful contacts.

199.    That the acts of Defendants P.O JOHN DOE #1 AND HIS PARTNERS were not justified.

200.    That due to the above acts of the Defendants P.O JOHN DOE #1 AND HIS PARTNERS, Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA sustained damages.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST CITY OF NEW YORK ON BEHALF OF BRANDON NATHANIEL, HASSAN SHEFTALL AND JASON ZARZUELA (MARCH 22, 2013) (TPO #1).

201.    Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA repeat the preceding paragraphs as if fully set forth.

202.    That the City of New York had a formal policy in place regarding the handling of arrests, stops and frisks, by NYPD police officers that was promulgated and adopted.

203.    That at the time of the claims herein there was in existence the unlawful practice of arresting persons on less than probable cause by subordinate officials that was so permanent and well settled and pervasive in the New York City Police Department so as to constitute a "custom or usage" which practice is so manifest as to imply the acquiescence of this custom and usage by policy making officials of the Defendant CITY OF NEW YORK.

204.    That the failure by Defendant CITY OF NEW YORK to properly train and supervise their police officer employees, including co-Defendants P.O JOHN DOE #1 AND HIS PARTNERS involved in Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA'S arrest, amounts to deliberate indifference to the rights of those with whom the municipality's employees interact.

205.    That co-Defendants P.O JOHN DOE #1 AND HIS PARTNERS violated the constitutional rights of Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA as set forth above and due to the policies and practices of the Defendant CITY OF NEW YORK.

206.    Due to the above, Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA have sustained damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST CITY OF NEW YORK ON BEHALF OF BRANDON NATHANIEL, HASSAN SHEFTALL AND JASON ZARZUELA (MARCH 22, 2013) (TPO #1).

207.    Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA repeat the preceding paragraphs as if fully set forth.

208.    That the Defendant CITY OF NEW YORK is responsible for the acts of their employees, as set forth above.

209.    That the acts of the individual Defendants P.O JOHN DOE #1 AND HIS PARTNERS violated the rights granted to the Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA

pursuant to Article 1 §12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL,

SHEFTALL AND ZARZUELA seek relief pursuant to *Brown v. State*, 89 N.Y.2d 172 (1996).

210.    The unlawful acts of the individual Defendants P.O JOHN DOE #1 AND HIS

PARTNERS, as set forth above, were permitted, condoned and ratified by the New York City

Police Department and said conduct was part of a systemic custom and practice, and occurred due

to the negligence and gross negligence of the CITY OF NEW YORK and its agent the New York

City Police Department.

211.    Due to the above, Plaintiffs NATHANIEL, SHEFTALL AND ZARZUELA have sustained

damages.

## AS AND FOR AN EIGHT CAUSE OF ACTION FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF PLAINTIFFS NATHANIEL AND SHEFTALL (MAY 22, 2013) (TPO #2).

212.    On May 22, 2013 at approximately 4:45 PM, Plaintiffs NATHANIEL and SHEFTALL

were walking in the vicinity of Myrtle Avenue, between Marcus Garvey Boulevard and Throop

Avenue in Brooklyn, New York.

213.    At that date, time, and location Plaintiffs NATHANIEL and SHEFTALL were not engaged

in any unlawful or criminal acts.

214.    That on May 22, 2013 at approximately 4:45 PM, P.O. JOHN DOE #4, P.O. JOHN DOE

#5 and P.O JOHN DOE #6 (hereafter collectively referred to as "P.O. JOHN DOE #4 and HIS

PARTNERS") were not in police uniform and were traveling in an unmarked, with heavily tinted

windows, silver Oldsmobile car, bearing New York License Plates "FAE 2037."

215.    That P.O. JOHN DOE #4 AND HIS PARTNERS were not responding to any dispatched

call at the time just prior to encountering Plaintiffs NATHANIEL and SHEFTALL.

216.   That the vehicle in which P.O. JOHN DOE #4 and HIS PARTNERS were traveling came to a screeching stop on the roadway next to Plaintiffs NATHANIEL and SHEFTALL.

217.   That P.O. JOHN DOE #4 and HIS PARTNERS flashed their badges after rapidly exited their vehicle.

218.   That P.O. JOHN DOE #4 and HIS PARTNERS forced Plaintiffs NATHANIEL and SHEFTALL to stand against the wall and immediately proceeded to forcibly pat down Plaintiffs NATHANIEL and SHEFTALL.

219.   That P.O. JOHN DOE #4 and HIS PARTNERS did not ask Plaintiffs NATHANIEL and SHEFTALL to produce their identification.

220.   That P.O. JOHN DOE #4 and HIS PARTNERS mocked Plaintiffs NATHANIEL and SHEFTALL for wearing sweaters during their pat down.

221.   That P.O. JOHN DOE #4 and HIS PARTNERS after completing the search of Plaintiffs NATHANIEL and SHEFTALL, went back to P.O. JOHN DOE #4 and HIS PARTNERS' vehicle without providing any explanation as to Plaintiffs NATHANIEL and SHEFTALL stop, seizure and search.

222.   No charges or other action was taken against Plaintiffs NATHANIEL and SHEFTALL.

223.   No stop and frisk report was produced by Defendants JOHN DOE #4 and HIS PARTNERS.

224.   That the above actions by Defendants JOHN DOE #4 and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL and SHEFTALL pursuant to Fourth and Fourteenth Amendment to the United States Constitution.  As such, Plaintiffs NATHANIEL and SHEFTALL seek relief pursuant to USC 42 § 1983.

225.   That due to the above, Plaintiffs NATHANIEL and SHEFTALL sustained damages.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST THE DEFENDANTS FOR

## VIOLATION OF STATE CONSTITUTIONAL RIGHTS ON BEHALF OF PLAINTIFFS

## NATHANIEL AND SHEFTALL (MAY 22, 2013) (TPO #2).

226.   Plaintiffs NATHANIEL and SHEFTALL repeat and reiterate the preceding paragraphs as if fully set forth.

227.   That the acts of the Defendants JOHN DOE #4 and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL and SHEFTALL pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL and SHEFTALL seek relief pursuant to *Brown v. State*, 89 NY2d 172 (1996).

228.   That due to the above acts of the Defendants JOHN DOE #4 and HIS PARTNERS, Plaintiffs NATHANIEL and SHEFTALL sustained damages.

## AS AND FOR A TENTH CAUSE OF ACTION FOR UNLAWFUL SEIZURE/FALSE

## ARREST/AND FALSE IMPRISONMENT ON BEHALF OF PLAINTIFFS

## NATHANIEL AND SHEFTALL (MAY 22, 2013) (TPO #2).

229.   On May 22, 2013 at approximately 4:45 PM, in the vicinity of Myrtle Avenue between Marcus Garvey Boulevard and Throop Avenue in Brooklyn, New York, Defendants JOHN DOE #4 and HIS PARTNERS detained and seized Plaintiffs NATHANIEL and SHEFTALL.

230.   Defendants JOHN DOE #4 and HIS PARTNERS intended to detain and seize Plaintiffs NATHANIEL and SHEFTALL.

231.   At the time of the detention and seizure of the Plaintiffs NATHANIEL and SHEFTALL on May 22, 2013 there was no arrest outstanding for Plaintiffs NATHANIEL and SHEFTALL.

232.   The detention and seizure of Plaintiffs NATHANIEL and SHEFTALL by Defendants JOHN DOE #4 and HIS PARTNERS were unlawful.

233. There was no probable cause to detain, or seize Plaintiffs NATHANIEL and SHEFTALL.

234. There was no legal justification or excuse for the detention and seizure of Plaintiffs NATHANIEL and SHEFTALL.

235. Each Defendant JOHN DOE #4 and HIS PARTNERS knew that there was no probable cause or legal justification to seize or detain Plaintiffs NATHANIEL and SHEFTALL.

236. Plaintiffs NATHANIEL and SHEFTALL were aware and conscious of their seizure, confinement and detention.

237. Plaintiffs NATHANIEL and SHEFTALL did not consent to detention, or seizure of their persons by Defendants JOHN DOE #4 and HIS PARTNERS.

238. Defendants JOHN DOE #4 and HIS PARTNERS committed the above acts under color of state law.

239. As the result of the foregoing, Plaintiffs NATHANIEL and SHEFTALL feared for their personal safety, were deprived of their liberty, subjected to scorn, ridicule, embarrassment, and sustained other consequential damages.

240. Due to the above, Plaintiffs NATHANIEL and SHEFTALL have sustained damages.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR ASSAULT ON BEHALF OF PLAINTIFFS NATHANIEL AND SHEFTALL (MAY 22, 2013) (TPO #2).

241. Plaintiffs NATHANIEL and SHEFTALL repeat the preceding paragraphs as if fully set forth.

242. That during the detention and seizure of Plaintiffs NATHANIEL and SHEFTALL, the officers caused Plaintiffs NATHANIEL and SHEFTALL to reasonably fear that the Defendants JOHN DOE #4 and HIS PARTNERS were about to cause a harmful and offensive body contact with the persons of the Plaintiffs NATHANIEL and SHEFTALL.

243.    That the Defendants JOHN DOE #4 and HIS PARTNERS intentionally acted to place Plaintiffs NATHANIEL and SHEFTALL in fear of their harmful and offensive conduct.

244.    That the Defendants JOHN DOE #4 and HIS PARTNERS did grab Plaintiffs NATHANIEL and SHEFTALL and forcibly searched Plaintiffs NATHANIEL and SHEFTALL and did cause physical contacts with Plaintiffs NATHANIEL and SHEFTALL'S persons.

245.    That the acts of the Defendants JOHN DOE #4 and HIS PARTNERS were not justified.

246.    That due to the above acts of the Defendants JOHN DOE #4 and HIS PARTNERS, Plaintiffs NATHANIEL and SHEFTALL sustained damages.

247.    Due to the above, Plaintiffs NATHANIEL and SHEFTALL have sustained damages.

## AS AND FOR A TWELFTH CAUSE OF ACTION FOR BATTERY ON BEHALF OF PLAINTIFFS NATHANIEL AND SHEFTALL (MAY 22, 2013) (TPO #2).

248.    Plaintiffs NATHANIEL and SHEFTALL repeat the preceding paragraphs as if fully set forth.

249.    That during the detention and seizure of Plaintiffs NATHANIEL and SHEFTALL, Defendants JOHN DOE #4 and HIS PARTNERS did cause a harmful and offensive body contact with the persons of the Plaintiffs NATHANIEL and SHEFTALL.

250.    That Plaintiffs NATHANIEL and SHEFTALL were forcibly patted down, including their genital areas, during the arrest by Defendants JOHN DOE #4 and HIS PARTNERS.

251.    That the Defendants acted intentionally in causing the harmful and offensive physical contacts with Plaintiffs NATHANIEL and SHEFTALL.

252.    That Plaintiffs NATHANIEL and SHEFTALL did not consent to the offensive and harmful contacts.

253.    That the acts of Defendants JOHN DOE #4 and HIS PARTNERS were not justified.

254.   That due to the above acts of the Defendants JOHN DOE #4 and HIS PARTNERS, Plaintiffs NATHANIEL and SHEFTALL sustained damages.

## AS AND FOR THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFFS NATHANIEL AND SHEFTALL (MAY 22, 2013) (TPO #2).

255.   Plaintiffs repeat the preceding paragraphs as if fully set forth.

256.   That the Defendant CITY OF NEW YORK had a formal policy in place regarding the handling of arrests, stops, searches and frisks by NYPD police officers that was promulgated and adopted.

257.   That at the time of the claims herein there was in existence the unlawful practice of seizing and detaining persons on less than probable cause by subordinate officials that was so permanent and well settled and pervasive in the New York City Police Department so as to constitute a "custom or usage" which practice is so manifest as to imply the acquiescence of this custom and usage by policy making officials of the Defendant CITY OF NEW YORK.

258.   That the failure by Defendant CITY OF NEW YORK to properly train and supervise their police officer employees, including co-Defendants JOHN DOE #4 and HIS PARTNERS involved in Plaintiffs NATHANIEL and SHEFTALL's seizure and detention amounts to deliberate indifference to the rights of those with whom the municipality's employees interact.

259.   That co-Defendants JOHN DOE #4 and HIS PARTNERS violated the constitutional rights of Plaintiffs NATHANIEL and SHEFTALL as set forth above and due to the policies and practices of the Defendant CITY OF NEW YORK.

260.   Due to the above, Plaintiffs NATHANIEL and SHEFTALL have sustained damages.

**AS AND FOR FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFFS NATHANIEL AND SHEFTALL (MAY 22, 2013) (TPO #2).**

261.    Plaintiffs NATHANIEL and SHEFTALL repeat the preceding paragraphs as if fully set forth.

262.    That the Defendant CITY OF NEW YORK is responsible for the acts of their employees as set forth above.

263.    That the acts of the individual Defendants JOHN DOE #4 and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL and SHEFTALL pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL and SHEFTALL seek relief pursuant to *Brown v. State*, 89 N.Y.d2d 172 (1996).

264.    The unlawful acts of the individual Defendants JOHN DOE #4 and HIS PARTNERS, as set forth above, were permitted, condoned and ratified by the New York City Police Department and said conduct was part of a systemic custom and practice, and occurred due to the negligence and gross negligence of the CITY OF NEW YORK and its agent the New York City Police Department.

265.    Due to the above, Plaintiffs NATHANIEL and SHEFTALL have sustained damages.

**AS AND FOR A FIFTHEENTH CAUSE OF ACTION FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYES (JUNE 22, 2013) (TPO #3).**

266.    On June 22, 2013 at approximately 9:20 PM, Plaintiffs NATHANIEL and HAYES were traveling together in a vehicle driven by Plaintiff NATHANIEL in the vicinity of cross-section of Throop Avenue and Willoughby Avenue in Brooklyn, New York.

267. At that time, Plaintiff NATHANIEL and HAYES were on the way to NATHANIEL'S apartment with food they bought for NATHANIEL'S family at a local restaurant.

268. At that date, time, and location Plaintiffs NATHANIEL and HAYES were not engaged in any unlawful or criminal acts.

269. That on June 22, 2013 at approximately 9:20 PM, Defendants POLICE OFFICER JOHN DOE #7 and POLICE OFFICER JOHN DOE # 8 (hereafter collectively referred to as "P.O. JOHN DOE #7 and HIS PARTNER") were not wearing police uniform and were traveling in an unmarked, black Chevrolet Impala bearing New York State License Plate # EAW 3410.

270. That Defendants P.O. JOHN DOE #7 and HIS PARTNER were not responding to any dispatched call at the time that they began following the vehicle in which Plaintiffs NATHANIEL and HAYES were traveling.

271. That Defendants P.O JOHN DOE #7 AND HIS PARTNER flashed a signal for Plaintiffs vehicle to stop.

272. That Plaintiffs NATHANIEL and HAYES complied and stopped the vehicle.

273. That P.O. JOHN DOE #7 AND HIS PARTNER stopped their patrol car and approached Plaintiffs NATHANIEL and HAYES' vehicle.

274. That Defendants P.O. JOHN DOE #7 and HIS PARTNER asked Plaintiffs NATHANIEL and HAYES to produce identification.

275. That Plaintiffs NATHANIEL and HAYES complied with the order to produce identification.

276. That Defendants P.O. JOHN DOE #7 and HIS PARTNER asked Plaintiffs NATHANIEL and HAYES whether they had any guns, drugs or "anything they are not supposed to have," to which Plaintiffs NATHANIEL and HAYES responded in the negative, and told Defendants P.O. JOHN DOE #7 and HIS PARTNER they were coming back from the restaurant.

277.   That Defendants P.O. JOHN DOE #7 and HIS PARTNER ordered Plaintiffs NATHANIEL and HAYES to step out of their vehicle.

278.   That after Plaintiffs NATHANIEL and HAYES stepped out of their vehicle, Defendants P.O. JOHN DOE #7 and HIS PARTNER forcibly patted down Plaintiffs NATHANIEL and HAYES as they were forced against Plaintiffs NATHANIEL and HAYES' vehicle.

279.   That during the search of Plaintiffs NATHANIEL and HAYES, Defendant P.O. JOHN DOE #7 asked Plaintiff NATHANIEL whether he has a job.

280.   That after Plaintiff NATHANIEL replied in the negative, Defendant P.O. JOHN DOE #7 continued the search of his person in a more aggressive manner.

281.   That Defendant P.O. JOHN DOE #7 asked Plaintiff NATHANIEL whether "he wants some money, and if he does, he just has to say who has guns."

282.   That Plaintiff NATHANIEL could not provide the requested information.

283.   That after Plaintiffs NATHANIEL and HAYES were forcibly patted down, Plaintiffs NATHANIEL and HAYES' vehicle was searched, including the glove compartment and the trunk by P.O. JOHN DOE #8.

284.   That upon the search's conclusion, Plaintiff NATHANIEL asked Defendants P.O. JOHN DOE #7 and HIS PARTNER for a reason as to why Plaintiffs NATHANIEL and HAYES were stopped and searched.

285.   That Defendant P.O. JOHN DOE #8 replied that Plaintiff NATHANIEL'S vehicle "had its front light out."

286.   That Defendants P.O. JOHN DOE #7 and HIS PARTNER left the scene without further communication with Plaintiffs NATHANIEL and HAYES.

287.   That Plaintiffs NATHANIEL and HAYES inspected their vehicle's front lights, and both of the front lights were in working order.

288.    That the above actions by Defendants P.O. JOHN DOE #7 and HIS PARTNER violated the rights granted to Plaintiffs NATHANIEL and HAYES pursuant to Fourth and Fourteenth Amendment to the United States Constitution.  As such, Plaintiffs NATHANIEL and HAYES seek relief pursuant to USC 42 § 1983.

289.    That due to the above, Plaintiffs NATHANIEL and HAYES sustained damages.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION AGAINST THE DEFENDANTS FOR VIOLATION OF STATE CONSTITUTIONAL RIGHTS ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYES (JUNE 22, 2013) (TPO #3).

290.    Plaintiffs NATHANIEL and HAYES repeat and reiterate the preceding paragraphs as if fully set forth.

291.    That the acts of the Defendants P.O. JOHN DOE #7 and HIS PARTNER violated the rights granted to Plaintiffs NATHANIEL and HAYES pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL and HAYES seek relief pursuant to *Brown v. State*, 89 NY2d 172 (1996).

292.    That due to the above acts of the Defendants P.O. JOHN DOE #7 and HIS PARTNER, Plaintiffs NATHANIEL and HAYES sustained damages.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION FOR UNLAWFUL SEIZURE/FALSE ARREST/AND FALSE IMPRISONMENT ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYES (JUNE 22, 2013) (TPO #3).

293.    On June 22, 2013 at approximately 9:20 PM in the vicinity of cross-section of Throop Avenue and Willoughby Avenue in Brooklyn, New York, Defendants P.O. JOHN DOE #7 and HIS PARTNER detained and seized Plaintiffs NATHANIEL and HAYES.

294.   Defendants P.O. JOHN DOE #7 and HIS PARTNER intended to detain and seize Plaintiffs NATHANIEL and HAYES.

295.   At the time of detention and seizure of the Plaintiffs NATHANIEL and HAYES on June 22, 2013 there were no warrants outstanding for Plaintiffs NATHANIEL and HAYES.

296.   The arrest, detention and seizure of Plaintiffs NATHANIEL and HAYES by Defendants P.O. JOHN DOE #7 and HIS PARTNER were unlawful.

297.   There was no probable cause to detain or seize Plaintiffs NATHANIEL and HAYES.

298.   There was no legal justification or excuse for the detention and seizure of Plaintiffs NATHANIEL and HAYES.

299.   Each Defendant P.O. JOHN DOE #7 and HIS PARTNER knew that there was no probable cause to detain and seize Plaintiffs NATHANIEL and HAYES.

300.   Plaintiffs NATHANIEL and HAYES were aware and conscious of their seizure, confinement and detention.

301.   Plaintiffs NATHANIEL and HAYES did not consent to the detention or seizure of their persons by Defendants P.O. JOHN DOE #7 and HIS PARTNER.

302.   Defendants P.O. JOHN DOE #7 and HIS PARTNER committed the above acts under color of state law.

303.   As the result of the foregoing, Plaintiffs NATHANIEL and HAYES feared for their personal safety, were deprived of their liberty, subjected to scorn, ridicule, embarrassment, and sustained other consequential damages.

304.   Due to the above, Plaintiffs NATHANIEL and HAYES have sustained damages.

**AS AND FOR AN EIGHTEENTH CAUSE OF ACTION FOR ASSAULT ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYES (JUNE 22, 2013) (TPO #3).**

305.   Plaintiffs NATHANIEL and HAYES repeat the preceding paragraphs as if fully set forth.

306.   That during the detention and seizure of Plaintiffs NATHANIEL and HAYES, the officers caused Plaintiffs NATHANIEL and HAYES to reasonably fear that the Defendants P.O. JOHN DOE #7 and HIS PARTNER were about to cause a harmful and offensive body contact with the persons of the Plaintiffs NATHANIEL and HAYES.

307.   That the Defendants P.O. JOHN DOE #7 and HIS PARTNER intentionally acted to place Plaintiffs NATHANIEL and HAYES in fear of their harmful and offensive conduct.

308.   That the Defendants P.O. JOHN DOE #7 and HIS PARTNER did grab Plaintiffs NATHANIEL and HAYES and forcibly searched Plaintiffs NATHANIEL and HAYES and did cause physical contacts with Plaintiffs NATHANIEL and HAYES's persons.

309.   That the acts of the Defendants P.O. JOHN DOE #7 and HIS PARTNER were not justified.

310.   That due to the above acts of the Defendants P.O. JOHN DOE #7 and HIS PARTNER, Plaintiffs NATHANIEL and HAYES sustained damages.

311.   Due to the above, Plaintiffs NATHANIEL and HAYES have sustained damages.

## AS AND FOR A NINETEENTH CAUSE OF ACTION FOR BATTERY ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYES (JUNE 22, 2013) (TPO #3).

312.   Plaintiffs NATHANIEL and HAYES repeat the preceding paragraphs as if fully set forth.

313.   That during the detention and seizure of Plaintiffs NATHANIEL and HAYES, Defendants P.O. JOHN DOE #7 and HIS PARTNER did cause a harmful and offensive body contact with the persons of the Plaintiffs NATHANIEL and HAYES.

314.   That Plaintiffs NATHANIEL and HAYES were forcibly patted down, including genital area, during the arrest by Defendants P.O. JOHN DOE #7 and HIS PARTNER.

315.    That the Defendants acted intentionally in causing the harmful and offensive physical contact with Plaintiffs NATHANIEL and HAYES.

316.    That Plaintiffs NATHANIEL and HAYES did not consent to the offensive and harmful contacts.

317.    That the acts of Defendants P.O. JOHN DOE #7 and HIS PARTNER were not justified.

318.    That due to the above acts of the Defendants P.O. JOHN DOE #7 and HIS PARTNER, Plaintiffs NATHANIEL and HAYES sustained damages.

## AS AND FOR TWENTIETH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYES (JUNE 22, 2013) (TPO #3).

319.    Plaintiffs repeat the preceding paragraphs as if fully set forth.

320.    That the Defendant City of New York had a formal policy in place regarding the handling of arrests, stops and frisks by NYPD police officers that was promulgated and adopted.

321.    That at the time of the claims herein there was in existence the unlawful practice of arresting persons on less than probable cause by subordinate officials that was so permanent and well settled and pervasive in the New York City Police Department so as to constitute a "custom or usage" which practice is so manifest as to imply the acquiescence of this custom and usage by policy making officials of the Defendant City of New York.

322.    That the failure by Defendant City of New York to properly train and supervise their police officer employees, including co-Defendants P.O. JOHN DOE #7 and HIS PARTNER involved in Plaintiffs NATHANIEL and HAYES's detention and seizure amounts to deliberate indifference to the rights of those with whom the municipality's employees interact.

323.   That co-Defendants P.O. JOHN DOE #7 and HIS PARTNER violated the constitutional rights of Plaintiffs NATHANIEL and HAYES as set forth above and due to the policies and practices of the Defendant City of New York.

324.   Due to the above, Plaintiffs NATHANIEL and HAYES have sustained damages.

## AS AND FOR TWENTY-FIRST CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYES (JUNE 22, 2013) (TPO #3).

325.   Plaintiffs NATHANIEL and HAYES repeat the preceding paragraphs as if fully set forth.

326.   That the Defendant City of New York is responsible for the acts of their employees as set forth above.

327.   That the acts of the individual Defendants P.O. JOHN DOE #7 and HIS PARTNER violated the rights granted to Plaintiffs NATHANIEL and HAYES pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs Nathaniel and Sheftall seek relief pursuant to *Brown v. State*, 89 N.Y.d2d 172 (1996).

328.   The unlawful acts of the individual Defendants P.O. JOHN DOE #7 and HIS PARTNER, as set forth above, were permitted, condoned and ratified by the New York City Police Department and said conduct was part of a systemic custom and practice, and occurred due to the negligence and gross negligence of the City of New York and its agent the New York City Police Department.

329.   Due to the above, Plaintiffs NATHANIEL and HAYES have sustained damages.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL AND GREEN (OCTOBER 23, 2013) (TPO #4).

330.   On October 23, 2013 at approximately 4:44 PM, Plaintiffs NATHANIEL, SHEFTALL and GREEN were standing next to Plaintiff Nathaniel's parked vehicle in the vicinity of Myrtle Avenue between Marcus Garvey Boulevard and Lewis Avenue in Brooklyn, New York.

331.   Plaintiff Nathaniel and Sheftall were retrieving Plaintiff Sheftall's belongings which were inside Plaintiff Nathaniel's parked vehicle.

332.   At that date, time, and location Plaintiffs NATHANIEL, SHEFTALL and GREEN were not engaged in any unlawful or criminal acts.

333.   That on October 23, 2013 at approximately 4:44 PM, Defendants P.O. JOHN DOE #9, P.O. JOHN DOE #10 and P.O. JOHN DOE #11 (hereafter collectively referred to as "P.O. JOHN DOE #9 and HIS PARTNERS") who were not wearing police uniforms and who were traveling in an unmarked, black Chevrolet Impala bearing New York License Plates "CSC 2523"

334.   Upon information and belief, Defendants P.O. JOHN DOE #9 and HIS PARTNERS were not responding to any dispatched call at the time just prior to encountering Plaintiffs NATHANIEL, SHEFTALL and GREEN.

335.   That the vehicle in which Defendants P.O. JOHN DOE #9 and HIS PARTNERS were riding in was traveling against the direction of travel, when it stopped next to Plaintiffs.

336.   That Defendants P.O. JOHN DOE #9 and HIS PARTNERS forced Plaintiffs NATHANIEL, SHEFTALL and GREEN to stand against the Plaintiff Nathaniel's vehicle and the officers then conducted a forcible pat down of Plaintiffs NATHANIEL, SHEFTALL and GREEN.

337.   That while performing a forcible search of the Plaintiffs, Defendants P.O. JOHN DOE #9 and HIS PARTNERS were asking Plaintiffs whether they were in possession of any guns or drugs, to which Plaintiffs responded in a negative.

338.   That Defendants P.O. JOHN DOE #9 and HIS PARTNERS did not ask Plaintiffs NATHANIEL, SHEFTALL and GREEN to produce their identification.

339.   That Defendants P.O. JOHN DOE #9 and HIS PARTNERS mocked Plaintiffs NATHANIEL, SHEFTALL and GREEN and laughed at their being detained while searching Plaintiffs NATHANIEL, SHEFTALL and GREEN.

340.   That Defendants P.O. JOHN DOE #9 and HIS PARTNERS after completing the search of Plaintiffs NATHANIEL, SHEFTALL and GREEN, went back to Defendants P.O. JOHN DOE #9 and HIS PARTNERS' vehicle without providing any explanation as to Plaintiffs NATHANIEL, SHEFTALL and GREEN's stop, seizure and search and no stop and search report was provided.

341.   That the above actions by Defendants P.O. JOHN DOE #9 and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL, SHEFTALL and GREEN pursuant to Fourth and Fourteenth Amendment to the United States Constitution.  As such, Plaintiffs NATHANIEL, SHEFTALL and GREEN seek relief pursuant to USC USC 42 § 1983.

342.   That due to the above, Plaintiffs NATHANIEL, SHEFTALL and GREEN sustained damages.

## AS AND FOR A TWENTY-THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS FOR VIOLATION OF STATE CONSTITUTIONAL RIGHTS ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL AND GREEN (OCTOBER 23, 2013) (TPO #4).

343.   Plaintiffs NATHANIEL, SHEFTALL and GREEN repeat and reiterate the preceding paragraphs as if fully set forth.

344.   That the acts of the Defendants P.O. JOHN DOE #9 and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL, SHEFTALL and GREEN pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL, SHEFTALL and GREEN seek relief pursuant to *Brown v. State*, 89 NY2d 172 (1996).

345.    That due to the above acts of the Defendants P.O. JOHN DOE #9 and HIS PARTNERS, Plaintiffs NATHANIEL, SHEFTALL and GREEN sustained damages.

## AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION FOR UNLAWFUL SEIZURE AND FALSE IMPRISONMENT ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL AND GREEN (OCTOBER 23, 2013) (TPO #4).

346.    On October 23, 2013 at approximately 4:44 PM, in the vicinity of Myrtle Avenue between Marcus Garvey Boulevard and Lewis Avenue in Brooklyn, New York, Defendants P.O. JOHN DOE #9 and HIS PARTNERS detained and seized Plaintiffs NATHANIEL, SHEFTALL and GREEN.

347.    Defendants P.O. JOHN DOE #9 and HIS PARTNERS intended to detain and seize Plaintiffs NATHANIEL, SHEFTALL and GREEN.

348.    At the time of the detention and seizure of the Plaintiffs on October 23, 2013 there was no arrest warrant outstanding for Plaintiffs NATHANIEL, SHEFTALL and GREEN.

349.    The detention and seizure of Plaintiffs NATHANIEL, SHEFTALL and GREEN by Defendants P.O. JOHN DOE #9 and HIS PARTNERS were unlawful.

350.    There was no probable cause to detain, or seize Plaintiffs NATHANIEL, SHEFTALL and GREEN.

351.    There was no legal justification or excuse for the detention and seizure of Plaintiffs NATHANIEL, SHEFTALL and GREEN.

352.    Each Defendant P.O. JOHN DOE #9 and HIS PARTNERS knew that there was no probable cause to arrest Plaintiffs NATHANIEL, SHEFTALL and GREEN.

353.    Plaintiffs NATHANIEL, SHEFTALL and GREEN were aware and conscious of their seizure, confinement and detention.

354.   Plaintiffs NATHANIEL, SHEFTALL and GREEN did not consent to detention or seizure of their persons by Defendants P.O. JOHN DOE #9 and HIS PARTNERS.

355.   Defendants P.O. JOHN DOE #9 and HIS PARTNERS committed the above acts under color of state law.

356.   As the result of the foregoing, Plaintiffs NATHANIEL, SHEFTALL and GREEN feared for their personal safety, were deprived of their liberty, subjected to scorn, ridicule, embarrassment, and sustained other consequential damages.

357.   Due to the above, Plaintiffs NATHANIEL, SHEFTALL and GREEN have sustained damages.

## AS AND FOR A TWENTY-FIFTH  CAUSE OF ACTION FOR ASSAULT ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL AND GREEN (OCTOBER 23, 2013) (TPO #4).

358.   Plaintiffs NATHANIEL, SHEFTALL and GREEN repeat the preceding paragraphs as if fully set forth.

359.   That during the seizure and detention of Plaintiffs NATHANIEL, SHEFTALL and GREEN, the officers caused Plaintiffs NATHANIEL, SHEFTALL and GREEN to reasonably fear that the Defendants P.O. JOHN DOE #9 and HIS PARTNERS were about to cause a harmful and offensive body contact with the persons of the Plaintiffs NATHANIEL, SHEFTALL and GREEN.

360.   That the Defendants P.O. JOHN DOE #9 and HIS PARTNERS intentionally acted to place Plaintiffs NATHANIEL, SHEFTALL and GREEN in fear of their harmful and offensive conduct.

361.   That the Defendants P.O. JOHN DOE #9 and HIS PARTNERS did grab Plaintiffs NATHANIEL, SHEFTALL and GREEN and forcibly searched Plaintiffs NATHANIEL,

SHEFTALL and GREEN and did cause physical contacts with Plaintiffs NATHANIEL,

SHEFTALL and GREEN's persons.

362.   That the acts of the Defendants P.O. JOHN DOE #9 and HIS PARTNERS were not

justified.

363.   That due to the above acts of the Defendants P.O. JOHN DOE #9 and HIS PARTNERS,

Plaintiffs NATHANIEL, SHEFTALL and GREEN sustained damages.

## AS AND FOR A TWENTY-SIXTH CAUSE OF ACTION FOR BATTERY ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL AND GREEN (OCTOBER 23, 2013) (TPO #4).

364.   Plaintiffs NATHANIEL, SHEFTALL and GREEN repeat the preceding paragraphs as if

fully set forth.

365.   That during the seizure and detention of Plaintiffs NATHANIEL, SHEFTALL and

GREEN, Defendants P.O. JOHN DOE #9 and HIS PARTNERS did use a harmful and offensive

body contact with the persons of the Plaintiffs NATHANIEL, SHEFTALL and GREEN.

366.   That Plaintiffs NATHANIEL, SHEFTALL and GREEN were forcibly patted down,

including genital area, during the seizure and detention by Defendants P.O. JOHN DOE #9 and

HIS PARTNERS.

367.   That the Defendants acted intentionally in causing the harmful and offensive physical

contact with Plaintiffs NATHANIEL, SHEFTALL and GREEN.

368.   That Plaintiffs NATHANIEL, SHEFTALL and GREEN did not consent to the offensive

and harmful contacts.

369.   That the acts of Defendants P.O. JOHN DOE #9 and HIS PARTNERS were not justified.

370.    That due to the above acts of the Defendants P.O. JOHN DOE #9 and HIS PARTNERS,

Plaintiffs NATHANIEL, SHEFTALL and GREEN sustained damages.

## AS AND FOR A TWENTY-SEVENTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL AND GREEN (OCTOBER 23, 2013) (TPO #4).

371.    Plaintiffs repeat the preceding paragraphs as if fully set forth.

372.    That the Defendant City of New York had a formal policy in place regarding the handling of

arrests, stops and frisks by NYPD police officers that was promulgated and adopted.

373.    That at the time of the claims herein there was in existence the unlawful practice of

stopping, detaining and searching persons on less than probable cause by subordinate officials that

was so permanent and well settled and pervasive in the New York City Police Department so as to

constitute a "custom or usage" which practice is so manifest as to imply the acquiescence of this

custom and usage by policy making officials of the Defendant City of New York.

374.    That the failure by Defendant City of New York to properly train and supervise their police

officer employees, including co-Defendants P.O. JOHN DOE #9 and HIS PARTNERS involved in

Plaintiffs NATHANIEL, SHEFTALL and GREEN's stop, detention and seizure, amounts to

deliberate indifference to the rights of those with whom the municipality's employees interact.

375.    That co-Defendants NATHANIEL, SHEFTALL and GREEN violated the constitutional

rights of Plaintiffs NATHANIEL, SHEFTALL and GREEN as set forth above and due to the

policies and practices of the Defendant City of New York.

376.    Due to the above, Plaintiffs NATHANIEL, SHEFTALL and GREEN have sustained

damages.

## AS AND FOR A TWENTY-EIGHTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL AND GREEN (OCTOBER 23, 2013) (TPO #4).

377.     Plaintiffs NATHANIEL, SHEFTALL and GREEN repeat the preceding paragraphs as if fully set forth.

378.     That the Defendant City of New York is responsible for the acts of their employees as set forth above.

379.     That the acts of the individual Defendants P.O. JOHN DOE #9 and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL, SHEFTALL and GREEN pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL, SHEFTALL and GREEN seek relief pursuant to *Brown v. State*, 89 N.Y.d2d 172 (1996).

380.     The unlawful acts of the individual Defendants P.O. JOHN DOE #9 and HIS PARTNERS, as set forth above, were permitted, condoned and ratified by the New York City Police Department and said conduct was part of a systemic custom and practice, and occurred due to the negligence and gross negligence of the City of New York and its agent the New York City Police Department.

381.     Due to the above, Plaintiffs NATHANIEL, SHEFTALL and GREEN have sustained damages.

## AS AND FOR A TWENTY-NINTH CAUSE OF ACTION FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYNES (OCTOBER 25, 2013) (TPO #5).

382.     On October 25, 2013 at approximately 8:05 PM, Plaintiffs NATHANIEL and HAYNES were walking in the vicinity of the building entrance located at 1031 Myrtle Avenue, between Marcus Garvey Boulevard and Lewis Avenue in Brooklyn, New York.

383.   At that date, time, and location Plaintiffs NATHANIEL and HAYNES were not engaged in any unlawful or criminal acts.

384.   That on October 25, 2013 at approximately 8:05 PM, Defendants P.O JOHN DOE #12, P.O. JOHN DOE #13 and P.O. JOHN DOE #14 (hereafter collectively referred to as "P.O. JOHN DOE #12 and HIS PARTNERS") were traveling in an unmarked, black Crown Victoria bearing New York License Plates "CXK9585."

385.   That Defendants P.O. JOHN DOE #12 and HIS PARTNERS were not responding to any dispatched call at the time just prior to encountering Plaintiffs NATHANIEL and HAYNES.

386.   That the vehicle in which Defendants P.O. JOHN DOE #12 and HIS PARTNERS were traveling came to a stop on the roadway next to Plaintiffs NATHANIEL and HAYNES.

387.   Upon information and belief, Defendants P.O. JOHN DOE #12 and HIS PARTNERS approached Plaintiffs NATHANIEL and HAYNES after Defendants P.O. JOHN DOE #12 and HIS PARTNERS rapidly exited their vehicle.

388.   That Defendants P.O. JOHN DOE #12 and HIS PARTNERS forced Plaintiffs NATHANIEL and HAYNES to stop and immediately proceeded to forcibly pat down Plaintiffs NATHANIEL and HAYNES.

389.   That Defendants P.O. JOHN DOE #12 and HIS PARTNERS asked Plaintiffs NATHANIEL and HAYNES whether they were in possession of any "guns, drugs or sharp objects," to which Plaintiffs NATHANIEL and HAYNES responded in the negative.

390.   That Defendants P.O. JOHN DOE #12 and HIS PARTNERS asked Plaintiffs NATHANIEL and HAYNES to produce their identification.

391.   That  Plaintiffs NATHANIEL and HAYNES complied with Defendants P.O. JOHN DOE #12 and HIS PARTNERS' directions and produced their identification, after which Defendant P.O. JOHN DOE #12 copied their information onto a pad.

392.    That Defendants P.O. JOHN DOE #12 and HIS PARTNERS, after completing the search of Plaintiffs NATHANIEL and HAYNES' persons, went back to Defendants P.O. JOHN DOE #12 and HIS PARTNERS' vehicle without providing any explanation as to Plaintiffs NATHANIEL and HAYNES' stop, seizure and search and did not provide stop and frisk report.

393.    That the above actions by Defendants P.O. JOHN DOE #12 and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL and HAYNES pursuant to Fourth and Fourteenth Amendment to the United States Constitution.  As such, Plaintiffs NATHANIEL and HAYNES seek relief pursuant to USC § 1983.

394.    That due to the above, Plaintiffs NATHANIEL and HAYNES sustained damages.

## AS AND FOR A THIRTIETH  CAUSE OF ACTION AGAINST THE DEFENDANTS FOR VIOLATION OF STATE CONSTITUTIONAL RIGHTS ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYNES (OCTOBER 25, 2013) (TPO #5).

395.    Plaintiffs NATHANIEL and HAYNES repeat and reiterate the preceding paragraphs as if fully set forth.

396.    That the acts of the Defendants P.O. JOHN DOE #12 and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL and HAYNES pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL and HAYNES seek relief pursuant to *Brown v. State*, 89 NY2d 172 (1996).

397.    That due to the above acts of the Defendants P.O. JOHN DOE #12 and HIS PARTNERS, Plaintiffs NATHANIEL and HAYNES sustained damages.

## AS AND FOR A THIRTY-FIRST CAUSE OF ACTION FOR UNLAWFUL SEIZURE/FALSE ARREST/AND FALSE IMPRISONMENT ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYNES (OCTOBER 25, 2013) (TPO #5).

398. On October 25, 2013 at approximately 8:05 PM, in the vicinity of building entrance located at 1031 Myrtle Avenue, between Marcus Garvey Boulevard and Lewis Avenue in Brooklyn, New York, Defendants P.O. JOHN DOE #12 and HIS PARTNERS stopped, detained and seized Plaintiffs NATHANIEL and HAYNES.

399. Defendants P.O. JOHN DOE #12 and HIS PARTNERS intended to stop, detain and seize Plaintiffs NATHANIEL and HAYNES.

400. At the time of the stop, detention and seizure of Plaintiffs NATHANIEL and HAYNES on October 25, 2013 at approximately 8:05 PM, there was no arrest warrant outstanding for Plaintiffs NATHANIEL and HAYNES.

401. The stop, detention and seizure of Plaintiffs NATHANIEL and HAYNES by Defendants P.O. JOHN DOE #12 and HIS PARTNERS was unlawful.

402. There was no probable cause to stop, detain, or seize Plaintiffs NATHANIEL and HAYNES.

403. There was no legal justification or excuse for the stop, detention and seizure of Plaintiffs NATHANIEL and HAYNES.

404. Each Defendant P.O. JOHN DOE #12 and HIS PARTNERS knew that there was no probable cause or reasonable suspicion to stop, detain or seize Plaintiffs NATHANIEL and HAYNES.

405. Plaintiffs NATHANIEL and HAYNES were aware and conscious of their seizure, confinement and detention.

406. Plaintiffs NATHANIEL and HAYNES did not consent to being stopped, detained or seized by Defendants P.O. JOHN DOE #12 and HIS PARTNERS.

407. Defendants P.O. JOHN DOE #12 and HIS PARTNERS committed the above acts under color of state law.

408. As the result of the foregoing, Plaintiffs NATHANIEL and HAYNES feared for their personal safety, were deprived of their liberty, subjected to scorn, ridicule, embarrassment, and sustained other consequential damages.

409. Due to the above, Plaintiffs NATHANIEL and HAYNES have sustained damages.

## AS AND FOR A THIRTY-SECOND CAUSE OF ACTION FOR ASSAULT ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYNES (OCTOBER 25, 2013) (TPO #5).

410. Plaintiffs NATHANIEL and HAYNES repeat the preceding paragraphs as if fully set forth.

411. That during the stop, detention and seizure of Plaintiffs NATHANIEL and HAYNES, the officers caused Plaintiffs NATHANIEL and HAYNES to reasonably fear that the Defendants P.O. JOHN DOE #12 and HIS PARTNERS were about to cause a harmful and offensive body contact with the persons of the Plaintiffs NATHANIEL and HAYNES.

412. That the Defendants P.O. JOHN DOE #12 and HIS PARTNERS intentionally acted to place Plaintiffs NATHANIEL and HAYNES in fear of their harmful and offensive conduct.

413. That the Defendants P.O. JOHN DOE #12 and HIS PARTNERS did grab Plaintiffs NATHANIEL and HAYNES and forcibly searched Plaintiffs NATHANIEL and HAYNES and did cause physical contacts with Plaintiffs NATHANIEL and HAYNES' persons.

414. That the acts of the Defendants P.O. JOHN DOE #12 and HIS PARTNERS were not justified.

415. That due to the above acts of the Defendants P.O. JOHN DOE #12 and HIS PARTNERS, Plaintiffs NATHANIEL and HAYNES sustained damages.

## AS AND FOR A THIRTY-THIRD CAUSE OF ACTION FOR BATTERY ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYNES (OCTOBER 25, 2013) (TPO #5).

416.    Plaintiffs NATHANIEL and HAYNES repeat the preceding paragraphs as if fully set forth.

417.    That during the stop, detention and seizure of Plaintiffs NATHANIEL and HAYNES, Defendants P.O. JOHN DOE #12 and HIS PARTNERS did use a harmful and offensive body contact with the persons of the Plaintiffs NATHANIEL and HAYNES.

418.    That Plaintiffs NATHANIEL and HAYNES were forcibly patted down, including genital area, during the stop, detention and seizure by Defendants P.O. JOHN DOE #12 and HIS PARTNERS.

419.    That the Defendants acted intentionally in causing the harmful and offensive physical contact with Plaintiffs NATHANIEL and HAYNES.

420.    That Plaintiffs NATHANIEL and HAYNES did not consent to the offensive and harmful contacts.

421.    That the acts of Defendants P.O. JOHN DOE #12 and HIS PARTNERS were not justified.

422.    That due to the above acts of the Defendants P.O. JOHN DOE #12 and HIS PARTNERS, Plaintiffs NATHANIEL and HAYNES sustained damages.

## AS AND FOR THIRTY-FOURTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYNES (OCTOBER 25, 2013) (TPO #5).

423.    Plaintiffs NATHANIEL and HAYNES repeat the preceding paragraphs as if fully set forth.

424.    That the Defendant CITY OF NEW YORK had a formal policy in place regarding the handling of arrests, stops and frisks by NYPD police officers that was promulgated and adopted.

425.    That at the time of the claims herein there was in existence the unlawful practice of stopping, detaining and seizing persons on less than probable cause and/or reasonable suspicion by

subordinate officials that was so permanent and well settled and pervasive in the New York City Police Department so as to constitute a "custom or usage" which practice is so manifest as to imply the acquiescence of this custom and usage by policy making officials of the Defendant CITY OF NEW YORK.

426.   That the failure by Defendant CITY OF NEW YORK to properly train and supervise their police officer employees, including co-Defendants P.O. JOHN DOE #12 and HIS PARTNERS involved in Plaintiffs NATHANIEL and HAYNES' stop, detention and seizure amounts to deliberate indifference to the rights of those with whom the municipality's employees interact.

427.   That co-Defendants P.O. JOHN DOE #12 and HIS PARTNERS violated the constitutional rights of Plaintiffs NATHANIEL and HAYNES as set forth above and due to the policies and practices of the Defendant CITY OF NEW YORK.

428.   Due to the above, Plaintiffs NATHANIEL and HAYNES have sustained damages.

## AS AND FOR THIRTY-FIFTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFFS NATHANIEL AND HAYNES (OCTOBER 25, 2013) (TPO #5).

429.   Plaintiffs NATHANIEL and HAYNES repeat the preceding paragraphs as if fully set forth.

430.   That the Defendant CITY OF NEW YORK is responsible for the acts of their employees as set forth above.

431.   That the acts of the individual Defendants P.O. JOHN DOE #12 and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL and HAYNES pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL and HAYNES seek relief pursuant to *Brown v. State*, 89 N.Y.d2d 172 (1996).

432. The unlawful acts of the individual Defendants P.O. JOHN DOE #12 and HIS PARTNERS, as set forth above, were permitted, condoned and ratified by the New York City Police Department and said conduct was part of a systemic custom and practice, and occurred due to the negligence and gross negligence of the City of New York and its agent the New York City Police Department.

433. Due to the above, Plaintiffs NATHANIEL and HAYNES have sustained damages.

## AS AND FOR A THIRTY-SIXTH CAUSE OF ACTION FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL, HAYNES AND BRIGMAN (OCTOBER 25, 2013) (TPO #6).

434. On October 25, 2013 at approximately 9:33 PM, Plaintiffs NATHANIEL, SHEFTALL, HAYNES were crossing the Myrtle Avenue to meet Plaintiff BRIGMAN in the vicinity of Myrtle Avenue between Marcus Garvey Boulevard and Throop Avenue in Brooklyn, New York.

435. That Plaintiffs NATHANIEL, SHEFTALL and HAYNES were on the way back from a nearby grocery store when they spotted Plaintiff BRIGMAN.

436. That Plaintiff BRIGMAN was standing next to his parked vehicle on Myrtle Avenue between Marcus Garvey Boulevard and Throop Avenue.

437. At that date, time, and location Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN were not engaged in any unlawful or criminal acts.

438. That on October 25, 2013, at approximately 9:33 PM, Defendants P.O. JOHN DOE #15, P.O. JOHN DOE #16 and P.O. JOHN DOE #17 (hereafter collectively referred to as "P.O. JOHN DOE #15 and HIS PARTNERS") were traveling in an unmarked black Ford Escape.

439. Upon information and belief, Defendants were not responding to any dispatched call at the time just prior to encountering Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN.

440.    That the vehicle in which Defendants P.O. JOHN DOE #15 and HIS PARTNERS were traveling came to a stop on the roadway next to Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN.

441.    That Defendants P.O. JOHN DOE #15 and HIS PARTNERS ordered Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN to stand against Plaintiff BRIGMAN'S vehicle and immediately proceeded to forcibly pat down Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN.

442.    That Defendants P.O. JOHN DOE #15 and HIS PARTNERS ordered Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN to produce their identification.

443.    That Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN complied with Defendants directions and produced identification.

444.    That Defendants P.O. JOHN DOE #15 and HIS PARTNERS after completing the search of Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN's persons, Defendants P.O. JOHN DOE #15 and HIS PARTNERS proceeded to searching of Plaintiff BRIGMAN'S vehicle.

445.    That P.O. JOHN DOE #15 communicated to Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN that "[he was] not stopping [Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN] because of [them] being bad guys, but because [he] did not know them [Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN]".

446.    That after Plaintiff BRIGMAN's vehicle was searched, Defendants P.O. JOHN DOE #15 and HIS PARTNERS went back to their vehicle and left the scene.

447.    That the above actions by Defendants P.O. JOHN DOE #15 and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN pursuant to Fourth and Fourteenth Amendment to the United States Constitution.  As such,

Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN seek relief pursuant to USC USC 42 § 1983.

448.    That due to the above, Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN sustained damages.

## AS AND FOR A THIRTY-SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS FOR VIOLATION OF STATE CONSTITUTIONAL RIGHTS ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL, HAYNES AND BRIGMAN (OCTOBER 25, 2013) (TPO #6).

449.    Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN repeat and reiterate the preceding paragraphs as if fully set forth.

450.    That the acts of the Defendants P.O. JOHN DOE #15 and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN seek relief pursuant to *Brown v. State*, 89 NY2d 172 (1996).

451.    That due to the above acts of the Defendants P.O. JOHN DOE #15 and HIS PARTNERS, Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN sustained damages.

## AS AND FOR A THIRTY-EIGHTH CAUSE OF ACTION FOR UNLAWFUL SEIZURE AND FALSE IMPRISONMENT ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL, HAYNES AND BRIGMAN (OCTOBER 25, 2013) (TPO #6).

452.    On October 25, 2013 at approximately 9:33 PM, in the vicinity of Myrtle Avenue between Marcus Garvey Boulevard and Throop Avenue in Brooklyn, New York, Defendants P.O. JOHN DOE #15 and HIS PARTNERS stopped, detained and seized Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN.

453.   Defendants P.O. JOHN DOE #15 and HIS PARTNERS intended to stop, detain and seize Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN.

454.   At the time of the stop, detention and seizure of the Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN on October 25, 2013 there was no arrest warrant outstanding for Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN.

455.   The stop, detention and seizure of Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN by Defendants P.O. JOHN DOE #15 and HIS PARTNERS was unlawful.

456.   There was no probable cause to stop, detain, or seize Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN.

457.   There was no legal justification or excuse for the stop, detention and seizure of Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN.

458.   Each Defendant P.O. JOHN DOE #15 and HIS PARTNERS knew that there was no probable cause or reasonable suspicion to stop, detain or seize Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN.

459.   Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN were aware and conscious of their seizure, confinement and detention.

460.   Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN did not consent to the stop, detention, or seizure of their persons by Defendants P.O. JOHN DOE #15 and HIS PARTNERS.

461.   Defendants P.O. JOHN DOE #15 and HIS PARTNERS committed the above acts under color of state law.

462.   As the result of the foregoing, Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN feared for their personal safety, were deprived of their liberty, subjected to scorn, ridicule, embarrassment, and sustained other consequential damages.

463. Due to the above, Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN have sustained damages.

## AS AND FOR A THIRTY-NINTH CAUSE OF ACTION FOR ASSAULT ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL, HAYNES AND BRIGMAN (OCTOBER 25, 2013) (TPO #6).

464. Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN repeat the preceding paragraphs as if fully set forth.

465. That during the stop, detention and seizure of Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN, the officers caused Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN to reasonably fear that the Defendants P.O. JOHN DOE #15 and HIS PARTNERS were about to cause a harmful and offensive body contact with the persons of the Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN.

466. That the Defendants P.O. JOHN DOE #15 and HIS PARTNERS intentionally acted to place Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN in fear of their harmful and offensive conduct.

467. That the Defendants P.O. JOHN DOE #15 and HIS PARTNERS did grab Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN and forcibly searched Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN and did cause physical contacts with Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN's persons.

468. That the acts of the Defendants P.O. JOHN DOE #15 and HIS PARTNERS were not justified.

469. That due to the above acts of the Defendants P.O. JOHN DOE #15 and HIS PARTNERS, Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN sustained damages.

470.   Due to the above, Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN have

sustained damages.

## AS AND FOR A FORTIETH CAUSE OF ACTION FOR BATTERY ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL, HAYNES AND BRIGMAN (OCTOBER 25, 2013) (TPO #6).

471.   Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN repeat the preceding

paragraphs as if fully set forth.

472.   That during the stop, detention and seizure of Plaintiffs NATHANIEL, SHEFTALL,

HAYNES and BRIGMAN, Defendants P.O. JOHN DOE #15 and HIS PARTNERS did use a

harmful and offensive body contact with the persons of the Plaintiffs NATHANIEL, SHEFTALL,

HAYNES and BRIGMAN.

473.   That Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN were forcibly

patted down, including genital area, during the stop, detention and seizure by Defendants P.O.

JOHN DOE #15 and HIS PARTNERS.

474.   That the Defendants P.O. JOHN DOE #15 and HIS PARTNERS acted intentionally in

causing the harmful and offensive physical contact with Plaintiffs NATHANIEL, SHEFTALL,

HAYNES and BRIGMAN.

475.   That Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN did not consent to

the offensive and harmful contacts.

476.   That the acts of Defendants P.O. JOHN DOE #15 and HIS PARTNERS were not

justified.

477.   That due to the above acts of the Defendants P.O. JOHN DOE #15 and HIS PARTNERS,

Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN sustained damages.

## AS AND FOR A FORTY-FIRST CAUSE OF ACTION FOR MALICIOUS PROSECUTION ON BEHALF OF PLAINTIFF HAYNES (OCTOBER 25, 2013) (TPO #6).

478.    Plaintiff HAYNES repeats and reiterates the preceding paragraphs as if fully set forth.

479.    ON or about October 25, 2013 at approximately 9:33 PM, Defendants P.O. JOHN DOE #15 and HIS PARTNERS caused the commencement of criminal proceedings against Plaintiff HAYNES.

480.    In the aforesaid criminal proceedings, Defendants P.O. JOHN DOE #15 and HIS PARTNERS alleged that Plaintiff HAYNES had committed the offense of Disorderly Conduct.

481.    Defendants P.O. JOHN DOE #15 and HIS PARTNERS knew that there was no probable cause to believe that Plaintiff HAYNES was guilty of the offense charged.

482.    There was no probable cause for the commencement of the criminal proceedings.

483.    Defendants P.O. JOHN DOE #15 and HIS PARTNERS acted with malice in commencing the proceeding.

484.    The criminal charges brought against Plaintiff HAYNES were dismissed and the criminal court file was ordered sealed.

485.    Plaintiff HAYNES received a favorable termination of the criminal proceedings.

486.    The nature of the termination was sufficient to support cause of action for malicious prosecution.

487.    As the result of the foregoing, Plaintiff HAYNES was subjected to scorn, ridicule, embarrassment and other damages.

488.    Due to the above, Plaintiff HAYNES has sustained damages.

## AS AND FOR A FORTY-SECOND CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL, HAYNES AND BRIGMAN (OCTOBER 25, 2013) (TPO #6).

489.    Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN repeat the preceding paragraphs as if fully set forth.

490.    That the Defendant CITY OF NEW YORK had a formal policy in place regarding the handling of arrests, stops and frisks by NYPD police officers that was promulgated and adopted.

491.    That at the time of the claims herein there was in existence the unlawful practice of stopping, detaining and seizing persons on less than probable cause or reasonable suspicion by subordinate officials that was so permanent and well settled and pervasive in the New York City Police Department so as to constitute a "custom or usage" which practice is so manifest as to imply the acquiescence of this custom and usage by policy making officials of the Defendant CITY OF NEW YORK.

492.    That the failure by Defendant CITY OF NEW YORK to properly train and supervise their police officer employees, including co-Defendants P.O. JOHN DOE #15 and HIS PARTNERS involved in Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN's stop, detention and search, amounts to deliberate indifference to the rights of those with whom the municipality's employees interact.

493.    That co-Defendants P.O. JOHN DOE #15 and HIS PARTNERS violated the constitutional rights of Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN as set forth above and due to the policies and practices of the Defendant CITY OF NEW YORK.

494.    Due to the above, Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN have sustained damages.

## AS AND FOR A FORTY-THIRD CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFFS NATHANIEL, SHEFTALL, HAYNES AND BRIGMAN (OCTOBER 25, 2013) (TPO #6).

495.    Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN repeat the preceding paragraphs as if fully set forth.

496.    That the Defendant CITY OF NEW YORK is responsible for the acts of their employees as set forth above.

497.    That the acts of the individual Defendants P.O. JOHN DOE #15 and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN seek relief pursuant to *Brown v. State*, 89 N.Y.d2d 172 (1996).

498.    The unlawful acts of the individual Defendants P.O. JOHN DOE #15 and HIS PARTNERS, as set forth above, were permitted, condoned and ratified by the New York City Police Department and said conduct was part of a systemic custom and practice, and occurred due to the negligence and gross negligence of the CITY OF NEW YORK and its agent the New York City Police Department.

499.    Due to the above, Plaintiffs NATHANIEL, SHEFTALL, HAYNES and BRIGMAN have sustained damages.

## AS AND FOR A FORTY-FOURTH CAUSE OF ACTION FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983) ON BEHALF OF PLAINTIFFS NATHANIEL AND SHEFTALL (NOVEMBER 9, 2013) (TPO #7).

500. On November 9, 2013 at approximately 2:30 PM, Plaintiffs NATHANIEL and SHEFTALL were lawfully inside the premises of Azam Deli, located at 107 Marcus Garvey Boulevard in Brooklyn, New York.

501. That at that date, time and location Plaintiffs NATHANIEL and SHEFTALL together with Jason Zarzuela, accompanied Trevor Jones who was making a purchase in the Azam Deli.

502. That at that date, time and location Plaintiffs NATHANIEL and SHEFTALL were deciding whether to also make purchases while waiting for their friend's order.

503. At that date, time, and location Plaintiffs NATHANIEL and SHEFTALL, and their companions, were not engaged in any unlawful or criminal acts.

504. That on October 25, 2013 at approximately 2:30 PM, Defendants P.O. WILLIAMS and P.O. BROWN, together with currently unidentified NYPD Officers, (hereafter collectively referred to as "P.O. WILLIAMS and HIS PARTNERS") were traveling in an NYPD van and a black Chevrolet Impala.

505. Upon information and belief, Defendants P.O. WILLIAMS and HIS PARTNERS were not responding to any dispatched call at the time just prior to encountering Plaintiffs NATHANIEL and SHEFTALL.

506. That the vehicles in which Defendants P.O. WILLIAMS and HIS PARTNERS were traveling came to a stop on Marcus Garvey Boulevard, next to the Azam Deli.

507. That Defendants P.O. WILLIAMS and HIS PARTNERS arrived without having their vehicles' sirens or lights activated.

508. That Defendants P.O. WILLIAMS and HIS PARTNERS entered the Azam Deli.

509. That Defendants P.O. WILLIAMS and HIS PARTNERS ordered Plaintiffs NATHANIEL and SHEFTALL to line up with Plaintiffs NATHANIEL and SHEFTALL's backs towards the display cases inside the store.

510.   That Defendants P.O. WILLIAMS and HIS PARTNERS ordered Plaintiffs NATHANIEL and SHEFTALL to produce their identification.

511.   That upon Plaintiffs NATHANIEL and SHEFTALL production of identification, their identification was taken away from the Plaintiffs NATHANIEL and SHEFTALL by Defendants P.O. WILLIAMS and HIS PARTNERS.

512.   That Defendants P.O. WILLIAMS and HIS PARTNERS asked Plaintiffs NATHANIEL and SHEFTALL "what were they doing there."

513.   That Plaintiffs NATHANIEL and SHEFTALL replied that Plaintiffs were waiting for Trevor Jones to receive a sandwich that he had ordered in the Azam Deli.

514.   That at that time, Azam Deli's employee confirmed the fact, that Trevor Jones had ordered a sandwich and was waiting for the sandwich to be made.

515.   That after Trevor Jones received a sandwich which he previously ordered, Defendants P.O. WILLIAMS and HIS PARTNERS permitted Trevor Jones to leave the Azam Deli.

516.   That Defendants P.O. WILLIAMS and HIS PARTNERS informed Plaintiffs NATHANIEL and SHEFTALL, Jason Zarzuela and another currently unidentified male present in Azam's Deli that they were under arrest.

517.   That Plaintiffs NATHANIEL and SHEFTALL were removed from the Azam Deli by Defendants P.O. WILLIAMS and HIS PARTNERS to a NYPD van which was outside the premises.

518.   That Defendants P.O. WILLIAMS and HIS PARTNERS immediately proceeded to forcibly pat down Plaintiffs NATHANIEL and SHEFTALL while they were held next to the NYPD van.

519.   That after the search of Plaintiffs NATHANIEL and SHEFTALL persons, Plaintiffs NATHANIEL and SHEFTALL were handcuffed and placed in the NYPD van.

520.    That Plaintiffs NATHANIEL and SHEFTALL identification documents were taken away by Defendants.

521.    That Plaintiffs NATHANIEL and SHEFTALL were transported to the 81st Police Precinct in a NYPD van.

522.    That once Plaintiffs NATHANIEL and SHEFTALL arrived at the 81st Precinct, Plaintiffs NATHANIEL and SHEFTALL were placed in a holding cell.

523.    That Plaintiffs NATHANIEL and SHEFTALL were searched thoroughly again in the 81st Precinct by Defendants P.O. WILLIAMS and HIS PARTNERS.

524.    That Plaintiffs NATHANIEL and SHEFTALL were charged with Trespass by the Defendants P.O. WILLIAMS and HIS PARTNERS.

525.    That Plaintiff NATHANIEL was held in custody for approximately two hours before Plaintiff NATHANIEL was released by Defendants P.O. WILLIAMS and HIS PARTNERS.

526.    That at that time, Defendants P.O. WILLIAMS and HIS PARTNERS gave back Plaintiff NATHANIEL'S property.

527.    That Plaintiff SHEFTALL was transported to Central Booking in Kings County.

528.    That Plaintiff SHEFTALL'S Trespass charge was Adjourned in Contemplation of Dismissal by the Kings County Criminal Court.

529.    That Plaintiff SHEFTALL was held in custody for approximately 24 hours.

530.    That the above actions by Defendants P.O. WILLIAMS and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL and SHEFTALL pursuant to Fourth and Fourteenth Amendment to the United States Constitution.  As such, Plaintiffs NATHANIEL and SHEFTALL seek relief pursuant to USC 42 § 1983.

531.    That due to the above, Plaintiffs NATHANIEL and SHEFTALL sustained damages.

**AS AND FOR A FORTY-FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS**

**FOR VIOLATION OF STATE CONSTITUTIONAL RIGHTS ON BEHALF OF**

**PLAINTIFFS NATHANIEL AND SHEFTALL (NOVEMBER 9, 2013) (TPO #7).**

532.    Plaintiffs NATHANIEL and SHEFTALL repeat and reiterate the preceding paragraphs as if fully set forth.

533.    That the acts of the Defendants P.O. WILLIAMS and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL and SHEFTALL pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL and SHEFTALL seek relief pursuant to *Brown v. State*, 89 NY2d 172 (1996).

534.    That due to the above acts of the Defendants P.O. WILLIAMS and HIS PARTNERS, Plaintiffs NATHANIEL and SHEFTALL sustained damages.

**AS AND FOR A FORTY-SIXTH CAUSE OF ACTION FOR UNLAWFUL**

**SEIZURE/FALSE ARREST/AND FALSE IMPRISONMENT ON BEHALF OF**

**NATHANIEL AND PLAINTIFFS SHEFTALL (NOVEMBER 9, 2013) (TPO #7).**

535.    On November 9, 2013 at approximately 2:30 PM, in the vicinity of 107 Marcus Garvey Boulevard in Brooklyn, New York, Defendants P.O. WILLIAMS and HIS PARTNERS stopped, detained and seized and arrested Plaintiffs NATHANIEL and SHEFTALL.

536.    Defendants P.O. WILLIAMS and HIS PARTNERS intended to arrest, detain and seize Plaintiffs NATHANIEL and SHEFTALL.

537.    At the time of the arrest, detention and seizure of the Plaintiffs NATHANIEL and SHEFTALL on November 9, 2013 there was no arrest warrant outstanding for Plaintiffs NATHANIEL and SHEFTALL.

538.    The stop, detention, seizure and arrest of Plaintiffs NATHANIEL and SHEFTALL by Defendants P.O. WILLIAMS and HIS PARTNERS was unlawful.

539.    There was no probable cause or reasonable suspicion to stop, detain, seize or arrest Plaintiffs NATHANIEL and SHEFTALL.

540.    There was no legal justification or excuse for the arrest, detention and seizure of Plaintiffs NATHANIEL and SHEFTALL.

541.    Each Defendant P.O. WILLIAMS and HIS PARTNERS knew that there was no probable cause to arrest Plaintiffs NATHANIEL and SHEFTALL.

542.    Plaintiffs NATHANIEL and SHEFTALL were aware and conscious of their seizure, confinement, detention and arrest.

543.    Plaintiffs NATHANIEL and SHEFTALL did not consent to arrest, detention, or seizure of their persons by Defendants P.O. WILLIAMS and HIS PARTNERS

544.    Defendants P.O. WILLIAMS and HIS PARTNERS committed the above acts under color of state law.

545.    As the result of the foregoing, Plaintiffs NATHANIEL and SHEFTALL feared for their personal safety, were deprived of their liberty, subjected to scorn, ridicule, embarrassment, and sustained other consequential damages.

546.    Due to the above, Plaintiffs NATHANIEL and SHEFTALL have sustained damages.

## AS AND FOR A FORTY-SEVENTH CAUSE OF ACTION FOR ASSAULT ON BEHALF OF PLAINTIFFS NATHANIEL AND SHEFTALL (NOVEMBER 9, 2013) (TPO #7).

547.    Plaintiffs NATHANIEL and SHEFTALL repeat the preceding paragraphs as if fully set forth.

548.   That during the arrest of Plaintiffs NATHANIEL and SHEFTALL, the officers caused Plaintiffs NATHANIEL and SHEFTALL to reasonably fear that the Defendants P.O. WILLIAMS and HIS PARTNERS were about to cause a harmful and offensive body contact with the persons of the Plaintiffs NATHANIEL and SHEFTALL.

549.   That the Defendants P.O. WILLIAMS and HIS PARTNERS intentionally acted to place Plaintiffs NATHANIEL and SHEFTALL in fear of their harmful and offensive conduct.

550.   That the Defendants P.O. WILLIAMS and HIS PARTNERS did grab Plaintiffs NATHANIEL and SHEFTALL and forcibly searched Plaintiffs NATHANIEL and SHEFTALL and did cause physical contacts with Plaintiffs NATHANIEL and SHEFTALL's persons.

551.   That the acts of the Defendants P.O. WILLIAMS and HIS PARTNERS were not justified.

552.   That due to the above acts of the Defendants P.O. WILLIAMS and HIS PARTNERS, Plaintiffs NATHANIEL and SHEFTALL sustained damages.

## AS AND FOR A FORTY-EIGHTH CAUSE OF ACTION FOR BATTERY ON BEHALF OF PLAINTIFFS NATHANIEL AND SHEFTALL (NOVEMBER 9, 2013) (TPO #7).

553.   Plaintiffs NATHANIEL and SHEFTALL repeat the preceding paragraphs as if fully set forth.

554.   That during the arrest of Plaintiffs NATHANIEL and SHEFTALL, Defendants P.O. WILLIAMS and HIS PARTNERS did use a harmful and offensive body contact with the persons of the Plaintiffs NATHANIEL and SHEFTALL.

555.   That Plaintiffs NATHANIEL and SHEFTALL were forcibly patted down, including genital area, during the arrest by Defendants P.O. WILLIAMS and HIS PARTNERS.

556.   That the Defendants P.O. WILLIAMS and HIS PARTNERS acted intentionally in causing the harmful and offensive physical contacts with Plaintiffs NATHANIEL and SHEFTALL.

557.   That Plaintiffs NATHANIEL and SHEFTALL did not consent to the offensive and harmful contacts.

558.   That the acts of Defendants P.O. WILLIAMS and HIS PARTNERS were not justified.

559.   That due to the above acts of the Defendants P.O. WILLIAMS and HIS PARTNERS Plaintiffs NATHANIEL and SHEFTALL sustained damages.

## AS AND FOR A FORTY-NINTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION ON BEHALF OF PLAINTIFFS NATHANIEL AND SHEFTALL (NOVEMBER 9, 2013) (TPO #7).

560.   Plaintiffs NATHANIEL and SHEFTALL repeat and reiterate the preceding paragraphs as if fully set forth.

561.   On or about November 9, 2013 at approximately 2:30 PM and continuing after, Defendants P.O. WILLIAMS and HIS PARTNERS caused the commencement of criminal proceedings against Plaintiffs NATHANIEL and SHEFTALL.

562.   In the aforesaid criminal proceedings, Defendants P.O. WILLIAMS and HIS PARTNERS alleged that Plaintiffs NATHANIEL and SHEFTALL had committed the offense of Trespass.

563.   Defendants P.O. WILLIAMS and HIS PARTNERS knew that there was no probable cause to believe that Plaintiffs NATHANIEL and SHEFTALL were guilty of the offense charged.

564.   There was no probable cause for the commencement of the criminal proceedings.

565.   Defendants P.O. WILLIAMS and HIS PARTNERS acted with malice in commencing the proceeding.

566.   The criminal charges brought against Plaintiffs NATHANIEL and SHEFTALL were dismissed and the criminal court files were ordered sealed.

567. Plaintiffs NATHANIEL and SHEFTALL received a favorable termination of the criminal proceedings.

568. The nature of the termination was sufficient to support cause of action for malicious prosecution.

569. As the result of the foregoing, Plaintiffs NATHANIEL and SHEFTALL were subjected to scorn, ridicule, embarrassment and other damages.

570. Due to the above, Plaintiffs NATHANIEL and SHEFTALL has sustained damages.

## AS AND FOR A FIFTIETH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFFS NATHANIEL AND SHEFTALL (NOVEMBER 9, 2013) (TPO #7).

571. Plaintiffs NATHANIEL and SHEFTALL repeat the preceding paragraphs as if fully set forth.

572. That the Defendant CITY OF NEW YORK had a formal policy in place regarding the handling of arrests, stops and frisks by NYPD police officers that was promulgated and adopted.

573. That at the time of the claims herein there was in existence the unlawful practice of stopping, detaining, seizing and arresting persons on less than probable cause by subordinate officials that was so permanent and well settled and pervasive in the New York City Police Department so as to constitute a "custom or usage" which practice is so manifest as to imply the acquiescence of this custom and usage by policy making officials of the Defendant CITY OF NEW YORK.

574. That the failure by Defendant CITY OF NEW YORK to properly train and supervise their police officer employees, including co-Defendants P.O. WILLIAMS and HIS PARTNERS involved

in Plaintiffs NATHANIEL and SHEFTALL's stop, detention, seizure and arrest, amounts to deliberate indifference to the rights of those with whom the municipality's employees interact.

575.    That co-Defendants P.O. WILLIAMS and HIS PARTNERS violated the constitutional rights of Plaintiffs NATHANIEL and SHEFTALL as set forth above and due to the policies and practices of the Defendant CITY OF NEW YORK.

576.    Due to the above, Plaintiffs NATHANIEL and SHEFTALL have sustained damages.

## AS AND FOR A FIFTY-FIRST CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK ON BEHALF OF PLAINTIFFS NATHANIEL AND SHEFTALL (NOVEMBER 9, 2013) (TPO #7).

577.    Plaintiffs NATHANIEL and SHEFTALL repeat the preceding paragraphs as if fully set forth.

578.    That the Defendant CITY OF NEW YORK is responsible for the acts of their employees as set forth above.

579.    That the acts of the individual Defendants P.O. WILLIAMS and HIS PARTNERS violated the rights granted to Plaintiffs NATHANIEL and SHEFTALL pursuant to Article 1 § 12 of the New York State Constitution.  As such, Plaintiffs NATHANIEL and SHEFTALL seek relief pursuant to *Brown v. State*, 89 N.Y.d2d 172 (1996).

580.    The unlawful acts of the individual Defendants P.O. WILLIAMS and HIS PARTNERS as set forth above, were permitted, condoned and ratified by the New York City Police Department and said conduct was part of a systemic custom and practice, and occurred due to the negligence and gross negligence of the CITY OF NEW YORK and its agent the New York City Police Department.

581.    Due to the above, Plaintiffs NATHANIEL and SHEFTALL have sustained damages.

## ARTICLE 16 IS INAPPLICABLE TO INSTANT ACTION

582.   The provisions of Article 16 to the CPLR of the State of New York do not apply to the instant action.

583.   The Defendants acted with intent.

584.   The Defendants acted knowingly or intentionally, jointly or in concert, and in a conspiracy to "cover-up" the unlawful acts of the co-Defendants and to otherwise deprive Plaintiffs of due process of law, to cause the acts or failures upon which liability is based.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

As to the First Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As for the Second Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.  Such other relief as is fair, just, or equitable.

As to the Third Cause of Action:

    a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.  Attorneys' fees and costs of this action;

    d.  Such other relief as is fair, just, or equitable.

As to the Fourth Cause of Action:

    a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.  Attorneys' fees and costs of this action;

    d.  Such other relief as is fair, just, or equitable.

As to the Fifth Cause of Action:

    a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.  Attorneys' fees and costs of this action;

    d.  Such other relief as is fair, just, or equitable.

As to the Sixth Cause of Action:

    a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Seventh Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Eighth Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Ninth Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Tenth Cause of Action:

    a.    Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.    Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.    Attorneys' fees and costs of this action;

    d.    Such other relief as is fair, just, or equitable.

As to the Eleventh Cause of Action:

    a.    Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.    Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.    Attorneys' fees and costs of this action;

    d.    Such other relief as is fair, just, or equitable.

As to the Twelfth Cause of Action:

    a.    Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.    Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.    Attorneys' fees and costs of this action;

    d.    Such other relief as is fair, just, or equitable.

As to the Thirteenth Cause of Action:

    a.    Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is

        just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Fourteenth Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is

        just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Fifteenth Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is

        just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Sixteenth Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is

        just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Seventeenth Cause of Action:

     a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

     b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

     c.  Attorneys' fees and costs of this action;

     d.  Such other relief as is fair, just, or equitable.

As to the Eighteenth Cause of Action:

     a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

     b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

     c.  Attorneys' fees and costs of this action;

     d.  Such other relief as is fair, just, or equitable.

As to the Nineteenth Cause of Action:

     a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

     b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

     c.  Attorneys' fees and costs of this action;

     d.  Such other relief as is fair, just, or equitable.

As to the Twentieth Cause of Action:

     a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Twenty-First Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Twenty-Second Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Twenty-Third Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Twenty-Fourth Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Twenty-Fifth Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Twenty-Sixth Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Twenty-Seventh Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Twenty-Eighth Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Twenty-Ninth Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Thirtieth Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Thirty-First Cause of Action:

      a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

      b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

      c.   Attorneys' fees and costs of this action;

      d.   Such other relief as is fair, just, or equitable.

As to the Thirty-Second Cause of Action:

      a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

      b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

      c.   Attorneys' fees and costs of this action;

      d.   Such other relief as is fair, just, or equitable.

As to the Thirty-Third Cause of Action:

      a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

      b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

      c.   Attorneys' fees and costs of this action;

      d.   Such other relief as is fair, just, or equitable.

As to the Thirty-Fourth Cause of Action:

      a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

c.  Attorneys' fees and costs of this action;

d.  Such other relief as is fair, just, or equitable.

As to the Thirty-Fifth Cause of Action:

a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

c.  Attorneys' fees and costs of this action;

d.  Such other relief as is fair, just, or equitable.

As to the Thirty-Sixth Cause of Action:

a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

c.  Attorneys' fees and costs of this action;

d.  Such other relief as is fair, just, or equitable.

As to the Thirty-Seventh Cause of Action:

a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

c.  Attorneys' fees and costs of this action;

d.  Such other relief as is fair, just, or equitable.

As to the Thirty-Eighth Cause of Action:

    a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.  Attorneys' fees and costs of this action;

    d.  Such other relief as is fair, just, or equitable.

As to the Thirty-Ninth Cause of Action:

    a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.  Attorneys' fees and costs of this action;

    d.  Such other relief as is fair, just, or equitable.

As to the Fortieth Cause of Action:

    a.  Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.  Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.  Attorneys' fees and costs of this action;

    d.  Such other relief as is fair, just, or equitable.

As to the Forty-First Cause of Action:

    a.  Compensatory damages in the amount of $500,000.00 dollars;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Forty-Second Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Forty-Third Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Forty-Forth Cause of Action:

    a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

    b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

    c.   Attorneys' fees and costs of this action;

    d.   Such other relief as is fair, just, or equitable.

As to the Forty-Fifth Cause of Action:

      a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

      b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

      c.   Attorneys' fees and costs of this action;

      d.   Such other relief as is fair, just, or equitable.

As to the Forty-Sixth Cause of Action:

      a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

      b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

      c.   Attorneys' fees and costs of this action;

      d.   Such other relief as is fair, just, or equitable.

As to the Forty-Seventh Cause of Action:

      a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

      b.   Punitive damages, against the individual Defendants, in the amount that is just, reasonable and fair;

      c.   Attorneys' fees and costs of this action;

      d.   Such other relief as is fair, just, or equitable.

As to the Forty-Eighth Cause of Action:

      a.   Compensatory damages in the amount of $500,000.00 dollars per Plaintiff;

Dated:  New York, New York
        May 20, 2014

By: _____
        John Tumelty, Esq. (JT2840)
    Tumelty & Spier, LLP
    Attorneys for Plaintiffs
    160 Broadway, Suite 708
    New York, New York 10038
    Phone (212) 566-4681
    Fax (212) 566-4749
    E-mail: johntslaw@aol.com